MCCABE and another, Appellants, v. CITY OF MILWAUKEE
and others, Respondents.

*No. 190. Argued November 1, 1971.—Decided November 30, 1971.*
(Also reported in 191 N. W. 2d 926.)

36

For the appellants there was a brief and oral argument by *Richard J. Steinberg* of Milwaukee.

For the respondents there was a brief by *John J. Fleming*, city attorney, and *Harvey G. Odenbrett*, principal assistant city attorney, and oral argument by *Mr. Odenbrett*.

HANLEY, J. We note at the outset that it does not appear that the attorney general was served with a copy of the proceeding in this case or that he was cognizant of the institution of the action. Whenever a declaratory judgment action is brought challenging the constitutionality of a statute or ordinance, the attorney general must be served with copies of the proceedings, as required by sec. 269.56 (11), Stats.:

". . . [I]f the statute, ordinance or franchise is alleged to be unconstitutional, the attorney general *shall* also be served with a copy of the proceeding and be entitled to be heard." (Emphasis supplied.)

In *Chicago & N. W. Ry. Co. v. La Follette* (1965), 27 Wis. 2d 505, 523, 135 N. W. 2d 269, this court stated that the attorney general has the duty to appear on behalf of the people of this state to defend the statute. Moreover, since sec. 269.56 (15), Stats., directs uniformity of interpretation between the several states which have enacted the Uniform Declaratory Judgments Act, it is appropriate to note that those states which have construed the section referred to have held that service of a copy of the proceedings upon the attorney general is not only mandatory, but goes to the jurisdiction of the court to hear the action in the first instance. *Parr v. Seattle* (1938), 197 Wash. 53, 84 Pac. 2d 375; *Cummings v. Shipp* (1928), 156 Tenn. 595, 3 S. W. 2d 1062; *Jefferson County Fiscal Court v. Trager* (1945), 300 Ky. 606, 189 S. W. 2d 955; *Pressman v. State Tax Comm.* (1954), 204 Md. 78, 102 Atl. 2d 821; *Gadsden v. Cartee* (1966), 279 Ala. 280, 184 So. 2d 360.

We think the state as a whole is interested in the validity of city ordinances; and it is obvious that the legislature wanted to protect that interest when it provided for service of proceedings upon the attorney general.

We conclude that since the record fails to show service of a copy of the proceeding on the attorney general, the trial court did not acquire jurisdiction. We are without jurisdiction to entertain this appeal, and it must be dismissed. The trial court's order dismissing the complaint was proper.

*By the Court.*—Appeal dismissed.