CITY OF KENOSHA, Respondent, v. DOSEMAGEN, Appellant.

*No. 4. Argued February 28, 1972.—Decided March 28, 1972.*
(Also reported in 195 N. W. 2d 462.)

For the appellant there was a brief by *Baker, Juliani, Stanhope, Joling & Greco* and *Robert J. Joling*, all of Kenosha, and oral argument by *Robert J. Joling*.

For the respondent there was a brief and oral argument by *Michael S. Fisher*, city attorney.

PER CURIAM. On July 19, 1968, at about 3:05 p. m., the appellant, Gilbert James Dosemagen, was operating his motorcycle upon Wisconsin State Highway 32, also known as Sheridan Road, in the city of Kenosha. Dosemagen was not wearing a protective helmet nor was the headlight on the motorcycle lighted. A police officer of the Kenosha police department stopped the appellant Dosemagen and issued two traffic citations charging violations of sec. 347.485 (1), Stats. (protective headgear), and sec. 346.595 (5) (lighted headlight), which sections, among others, were adopted by a city ordinance of Kenosha.

The county court of Kenosha county, Judge EARL D. MORTON presiding, found Dosemagen guilty of both charges and imposed forfeitures of $15 plus costs on each count.

Dosemagen appealed to the circuit court for Kenosha county and judgment was affirmed upon the record. The appeal to this court followed.

There is no dispute as to the facts; the challenge in the county court, the circuit court, and here is against

secs. 347.485 (1) and 346.595 (5), Stats., upon constitutional grounds.

A constitutional attack was made upon sec. 347.485 (1), Stats., in *Bisenius v. Karns* (1969), 42 Wis. 2d 42, 165 N. W. 2d 377. We held the statute was constitutional and enforceable. Although the constitutional challenge here is broader in scope and extends to the headlight section (346.595 (5)), we believe our opinion in *Bisenius* is controlling as to the issues raised herein.

For this reason the judgment appealed from is affirmed without further opinion [1] except to note that the record does not reveal the attorney general was served with copies of any of the proceedings.

There is no statutory requirement to serve the attorney general except in declaratory judgment cases under sec. 269.56 (11), Stats.; [2] and in those cases we deem service on the attorney general to be jurisdictional. [3] However, by way of caveat, we express serious doubt as to whether this court should consider constitutional issues of statewide application and concern without notice to the attorney general and the opportunity to be heard. It is the attorney general who should be afforded the opportunity to act in a representative capacity in behalf of the legislature and the people of the state to uphold the constitutionality of a statute of statewide application. [4] Henceforth, in such cases, this court may, in its discretion, direct the attorney general to file a brief amicus curiae when he is not a party to the action or appeal.

Judgment affirmed.

---

[1] Sec. (Rule) 251.93, Stats.

[2] Our opinion in *Shadow Lawn School Dist. v. Walworth County School Committee* (1967), 33 Wis. 2d 333, 343, 147 N. W. 2d 227, notwithstanding.

[3] *McCabe v. Milwaukee* (1971), 53 Wis. 2d 34, 191 N. W. 2d 926.

[4] *White House Milk Co. v. Thomson* (1957), 275 Wis. 243, 247, 81 N. W. 2d 725.