BOLLHOFFER, Appellant, v. WOLKE, Sheriff, and others, Respondents.

*No. 354. Argued November 25, 1974.—Decided December 20, 1974.*
(Also reported in 223 N. W. 2d 902.)

142

For the appellant there was a brief by *Franklyn M. Gimbel* and *Gimbel, Gimbel & Reilly,* all of Milwaukee, and oral argument by *Franklyn M. Gimbel.*

For the respondents there was a brief by *Robert P. Russell,* Milwaukee County Corporation Counsel, and *Patrick J. Foster,* Assistant Corporation Counsel, and oral argument by *Mr. Foster.*

HANLEY, J.    We note at the outset that the record does not show that the attorney general was served with a copy of the proceeding in this case. Whenever a declaratory judgment action is brought challenging the constitutionality of a statute or ordinance, the attorney general must be served with copies of the proceedings, as required by sec. 269.56 (11), Stats.:

". . . [I]f the statute, ordinance or franchise is alleged to be unconstitutional, the attorney general shall also be served with a copy of the proceeding and be entitled to be heard."

Since sec. 269.56 (15), Stats., directs uniformity of interpretation between the several states which have enacted the Uniform Declaratory Judgments Act, it is appropriate to note that those states which have construed the section referred to have held that service of a copy of the proceedings upon the attorney general is not only mandatory, but goes to the jurisdiction of the court to hear the action in the first instance. *Parr v. Seattle* (1938), 197 Wash. 53, 84 Pac. 2d 375; *Cummings v. Shipp* (1928), 156 Tenn. 595, 3 S. W. 2d 1062;

*Jefferson County Fiscal Court v. Trager* (1945), 300 Ky. 606, 189 S. W. 2d 955; *Pressman v. State Tax Comm.* (1954), 204 Md. 78, 102 Atl. 2d 821; *Gadsden v. Cartee* (1966), 279 Ala. 280, 184 So. 2d 360. In *McCabe v. Milwaukee* (1971), 53 Wis. 2d 34, 191 N. W. 2d 926, we deemed service on the attorney general to be jurisdictional.

The record in the case at bar fails to show service of a copy of the proceeding on the attorney general. Therefore, the trial court did not acquire jurisdiction. At the time of oral argument, counsel stated that the attorney general had been served, that the attorney general sent a letter to the trial court, and that counsel for respondent had discussed the matter with an assistant attorney general. However, in addition to not showing service on the attorney general, the record does not contain any of these alleged communications. By way of caveat, we direct that in declaratory judgment actions challenging the constitutionality of a statute or ordinance the provisions of sec. 269.56 (11), Stats., be strictly complied with.

We conclude this court is without jurisdiction to entertain this appeal and it must be dismissed.

*By the Court.*—Appeal dismissed.