TOWN OF CENTER, Appellant, v. CITY OF APPLETON, Respondent.

*No. 531 (1974). Argued October 29, 1975.—Decided November 25, 1975.*
(Also reported in 235 N. W. 2d 504.)

For the appellant there was a brief by *Sigman, Sigman, Shiff & Janssen,* attorneys, and *Joseph J. Shiff* and *Thomas J. Zoesch* of counsel, all of Appleton, and oral argument by *Joseph J. Shiff.*

For the respondent there was a brief and oral argument by *David G. Geenen,* Appleton city attorney.

ROBERT W. HANSEN, J. This is an action for declaratory judgment. It was brought by the town of Center against the city of Appleton. It challenges an ordinance

adopted by the common council of the city of Appleton which annexes a noncontiguous parcel of land owned by the city and located in the town.[1] In part, the town contends (1) that the "rule of reason," requiring that an annexation be reasonable to be valid, applies here;[2] and that (2) the action of the city council was arbitrary, unreasonable and capricious, not meeting the "rule of reason" test. The city contended that the "rule of reason" test did not apply, and the trial court agreed that such test was not here applicable.

We do not get to the matter of the correctness of the trial court's conclusion to note that the issue thus raised in this action for declaratory judgment is one of constitutional dimensions. The requirement of meeting the test of reasonableness has not arisen on a matter of statutory interpretation of a particular statute, but rather has been discussed and applied as a general requirement to prevent "arbitrariness" in annexation proceedings.[3] Both the contention of the town that the city's action violates the "rule of reason," and the city's contention that such rule is not here applicable, raise an issue of constitutional dimension. One commentator has seen as "unresolved"

[1] Pursuant to sec. 66.025, Stats.

[2] *See: Smith v. Sherry* (1880), 50 Wis. 210, 6 N. W. 561, establishing the "rule of reason" as applicable to the review of annexation proceedings. *See also: Town of Brookfield v. City of Brookfield* (1957), 274 Wis. 638, 646, 80 N. W. 2d 800, illustrative of cases continuing to apply such rule in annexation cases, this court there holding: ". . . [Q]uestions involving the reasonable suitability and adaptability and the reasonable necessity for the proper growth, development, and welfare of a city are material and relevant in reviewing annexation proceedings."

[3] *See: Town of Lyons v. Lake Geneva* (1972), 56 Wis. 2d 331, 337, 202 N. W. 2d 228, this court holding: "Under this rule (*i.e.,* the rule of reason), (1) exclusions and irregularities in boundary lines must not be the result of arbitrariness, (2) some reasonable present or demonstrable future need for the annexed property must be shown, and (3) no other factors must exist which would constitute an abuse of discretion."

the question of whether the rule as to reasonableness is required by the state constitution, or whether it is "a judicial doctrine which could be legislatively altered."[4] Even to reach that threshold question of the basis of the rule is to deal with a constitutional issue of constitutional entitlement to a constitutional right.

The Wisconsin legislature has provided, in actions for declaratory judgment, where there is an allegation challenging the constitutionality of a city ordinance, the attorney general must be served with copies of the proceedings.[5] Our court has held that in such action where such issue is raised, the attorney general must be served or "the trial court did not acquire jurisdiction."[6] In re-

---

[4] *See:* 1972 Wis. L. Rev. 1125, 1132, 1133, the writer stating: "Subsequent cases have not resolved whether the rule of reason is required by the state constitution or whether it is a judicial doctrine which could be legislatively altered." Citing as supporting a constitutional basis for the rule: *In re City of Beloit* (1968), 37 Wis. 2d 637, 648, 155 N. W. 2d 633, this court holding: "It might well be pointed out that since the rule of reason is a standard to determine whether the exercise of legislative power is valid *and is founded upon a constitutional basis* the legislature could not very well abrogate it." Citing as implying a contrary holding: *City of Beloit v. Town of Beloit* (1970), 47 Wis. 2d 377, 391, 177 N. W. 2d 361, this court holding: "*Until such time as the legislature deems it advisable to do otherwise,* the rule of reason will continue to be applied in situations such as this action . . . ." (Emphasis supplied.)

[5] Sec. 269.56 (11), Stats., providing ". . . if the statute, ordinance or franchise is alleged to be unconstitutional, the attorney general shall also be served with a copy of the proceeding and be entitled to be heard." *See: McCabe v. Milwaukee* (1971), 53 Wis. 2d 34, 37, 191 N. W. 2d 926, this court holding that: "We think the state as a whole is interested in the validity of city ordinances; and it is obvious that the legislature wanted to protect that interest when it provided for service of proceedings upon the attorney general."

[6] *Bollhoffer v. Wolke* (1974), 66 Wis. 2d 141, 144, 223 N. W. 2d 902, this court holding: "The record in the case at bar fails to show service of a copy of the proceeding on the attorney general. Therefore, the trial court did not acquire jurisdiction."

peating this holding as to lack of jurisdiction of the trial court where the attorney general is not served, our court added the caveat that this statutory requirement of service upon the attorney general is to be "strictly complied with."[7]

In the case before us, it is not challenged that the attorney general was not served with a copy of the proceedings, nor is it claimed that he was otherwise entitled to be heard or was in fact heard on the constitutional question involved in this action for declaratory judgment. On oral argument, counsel for the appellant and respondent conceded that the attorney general was not served. Having held that the pleadings here presented an issue as to the constitutionality of the ordinance and enabling statute under which it was enacted, it follows that the trial court was without jurisdiction to try this case in the absence of service upon the attorney general. So holding not only means that we cannot review the various issues raised in the challenge to the validity of the annexation ordinance of the city, but also requires a remand of this case to the trial court with directions to set aside the judgment and dismiss the complaint of the town for the reason that the attorney general was not served with a copy of the pleadings.

*By the Court.*—Judgment vacated with directions to dismiss the complaint of the plaintiff, without prejudice. No costs are awarded either party on this appeal.

---

[7] *Id.* at page 144.