O'CONNELL, and others, Plaintiffs-Appellants: BLASIUS, and another, Plaintiffs, v. BOARD OF EDUCATION, JOINT DISTRICT #10 OF VILLAGE OF MUKWONAGO, and others, Defendants-Respondents.†

*No. 77–295. Argued March 7, 1978.—Decided April 5, 1978.*
(Also reported in 264 N.W.2d 561.)

† Motion for rehearing pending. This motion was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

For the appellants there were briefs and oral argument by *Leonard W. Schulz* of Big Bend.

For the respondent there was a brief by *Clayton A. Cramer, James W. Hammes,* and *Cramer, Multhauf & Curran* of Waukesha, and oral argument by *Mr. Hammes.*

Amicus Curiae brief on behalf of Wisconsin Association of Wisconsin Association of School Boards, Inc., was filed by *James F. Clark, Michael J. Julka, William L. Fahey,* and *Ela, Esch, Hart & Clark,* of Madison.

HANLEY, J. The plaintiffs present two issues on this appeal:

1. Does sec. 121.54(2), Stats., as applied to the facts of this case, deny the plaintiffs equal protection of the law as guaranteed by the 14th Amendment of the United States Constitution?

2. Does sec. 121.54(2), Stats., require reasonable uniformity with respect to the maximum distances students are provided publicly financed transportation?

We note, however, the presence of a threshold question in this appeal which has not been briefed by the parties or *amicus curiae.* This question is whether this court has jurisdiction to determine the constitutional issues raised by the parties.

The plaintiffs commenced this action seeking declaratory relief under sec. 269.56, Stats. (1973), in October, 1974. The purpose of the action was to compel the Mukwonago School District to transport the plaintiffs' children to Memorial. The statute which is under review in this case is sec. 121.54, Stats. Subsection 121.54(2)(a) generally requires school districts to provide public school students transportation to and from the schools they attend when they live more than 2

miles away. This section is not concerned with the location of the school because it is presumed that a public school student living in a particular district will attend a school located within that district. In this manner, statewide uniformity is achieved with respect to public school students. All public school students of this state, with the exception of those residing in cities not required to bus under sec. 121.54(1), Stats., are provided transportation to their school when they live two or more miles away.

Sec. 121.54(2) (b), Stats., attempts to achieve the same result with respect to private and parochial school students. Again, a minimum distance is specified in this mandatory section, and only private school students residing more than two miles from school can expect publicly financed transportation to and from school. Thus, at first blush, uniformity between public and private school children is achieved: every student, public or private, who lives in a particular school district subject to these mandatory transportation sections, can expect to be provided publicly financed transportation to and from school when they live more than two miles away and when the school attended is within the district. But because private and parochial school attendance areas are not limited geographically by the public school district boundaries of this state, the legislature extended the mandatory provision concerning private schools to include schools situated outside the district boundaries but within a specified distance thereof.

This is the only way in which the mandatory provisions impose a maximum limitation on transportation. Even in this respect the statute does not limit transportation by designating a maximum number of miles a particular student may be transported, but rather by designating how far beyond the boundaries a district

must transport students. Here, the legislature designated five miles as the limit, and in *Young v. Board of Ed., Joint Dist. No. 10, supra,* this court said that this designation could not be stretched by statutory construction to accommodate schools, such as Memorial, lying just beyond this distance.

Finally, sec. 121.54(2)(c) permits a school district such as the defendant to provide student transportation on terms other than those specified in the mandatory sections when so authorized by its electorate. In the instant case, however, the electorate of the defendant school district voted not to exercise this option so as to transport the plaintiffs' children to Memorial.

The plaintiffs' argument on this appeal is that this statutory plan of providing publicly financed transportation of children attending public and private schools is unconstitutional as applied to the facts of this case: that in failing to exercise the statutorily provided option of providing transportation to children attending a private school more than 5 miles from the district, the electors have acted in a discriminatory and unjustifiable manner. The real thrust and essence of plaintiffs' argument is that, under the facts of this case, the five mile statutory limitation of sec. 121.54(2)(b)1 is an unreasonable and discriminatory classification which denies them equal protection. The constitutionality of this section is clearly at issue here.

When this action was commenced, sec. 269.56(11), Stats. (1973) provided as follows.

"(11) PARTIES. When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the right of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, and *if the statute, ordinance or*

*franchise is alleged to be unconstitutional, the attorney
general shall also be served with a copy of the proceeding
and be entitled to be heard."* (Emphasis supplied.)

This language, which is repeated verbatim in the new
rules of civil procedure, sec. 806.04(11), Stats. (1975),
has been strictly interpreted by this court as requiring
service on the attorney general whenever the constitu-
tionality of a statute is put in issue in a declaratory
judgment action. This section not only recognizes that
it is the duty of the attorney general to appear on behalf
of the people of this state to show why the statute is
constitutional, *Chicago & N. W. R. Co. v. LaFollette,*
27 Wis.2d 505, 523, 135 N.W.2d 269 (1965), but that the
failure to make the attorney general a party to such
action operates to prohibit the courts of this state from
acquiring the jurisdiction to determine the controversy;
*McCabe v. City of Milwaukee,* 53 Wis.2d 34, 37, 191
N.W.2d 926 (1971).

In several cases in which the court has heretofore
applied this section, the declaratory judgment action
has been expressly directed to the facial constitutionality
of the statute or ordinance. In *McCabe v. City of
Milwaukee, supra,* the owners of lands being condemned
by the city commenced a declaratory judgment action
seeking a declaration that the condemnation statute was
unconstitutional. Their grounds for challenging the con-
stitutionality of the statute was that under the particular
facts of that case, the law denied them due process of
law. (The landowners received letters informing them
of the confirmation of their condemnation awards after
the statutory time for appeal had run). Thus, although
the relief sought was the declaration that a statute was
unconstitutional, the circumstantial basis of the action
was the law's unconstitutional application with respect
to these landowners.

More recently, this court concluded that it did not have subject matter jurisdiction by reason of the plaintiffs' failure to comply with sec. 269.56(11), Stats., in *Town of Center v. City of Appleton*, 70 Wis.2d 666, 235 N.W.2d 504 (1975). In this case, the court more broadly applied the jurisdictional requirement of serving the attorney general. The action brought by the Town of Center against the City of Appleton challenged an ordinance which purported to annex a noncontiguous parcel of land owned by the city but located in the town. The plaintiff town did not explicitly challenge the ordinance on constitutional grounds; rather, the dispute revolved around the issues of whether the "rule of reason" test was applicable to the annexation ordinance and, if so, whether the ordinance passed muster under that test. Nevertheless, because it was not clear whether such an ordinance must meet the "rule of reason" scrutiny as a matter of judicial doctrine (which could be legislatively altered) or as a matter of state constitutional mandate, this court concluded even this threshold question required service on the attorney general because it was "an issue of constitutional dimension." *Town of Center v. City of Appleton, supra* at 667–68. Because the attorney general had not been served, the judgment was vacated with directions to dismiss the complaint.

Although none of these cases expressly answers the question with which we are here concerned, they nevertheless set forth several fundamental principles which are applicable to the instant case. First, in litigation which brings into issue the constitutionality of a statute or ordinance, the attorney general has the duty to protect the interests of the state and its citizens, and thus the right to be notified of any declaratory judgment proceedings which might affect those interests. *McCabe v. Milwaukee, supra* at 37; *White House Milk Co. v.*

*Thomson,* 275 Wis. 243, 247, 81 N.W.2d 725 (1957); sec. 165.25, Stats. (1975). Second, for the purposes of sec. 269.56(11), a declaratory judgment action will be deemed to be a challenge to a statute or ordinance on constitutional grounds even when, as in *Town of Center v. City of Appleton, supra,* the constitutional issue is collateral to or a preliminary step in the determination of the rights sought to be declared. Finally, because the declaratory judgment action is a creature of statute, this requirement must be strictly complied with in order to vest subject matter jurisdiction in the courts.

We think that cogent reasons exist for the application of the service requirement to this case. First, the substance of this case is without a doubt definitely a constitutional challenge to the statutory plan of public transportation for school children and thus an issue of statewide importance. Second, as the application of the service requirement in *Town of Center v. City of Appleton, supra,* indicates, the statutory language— "if a statute . . . is alleged to be unconstitutional"—is not so narrow as to apply only to those situations where an express request of declaring a statute void on constitutional grounds is made in the proceeding. The purpose of the statute—to afford the attorney general an opportunity to represent statewide concerns—must control over the pleading techniques of the parties.

Having held that the service requirement is applicable to this case, it follows that the trial court was without jurisdiction to try this case in the absence of service upon the attorney general. Therefore, we cannot review the issues raised in the challenge to the constitutionality of the statutory plan of public transportaton of school children. The case must be remanded to the trial court with directions to set aside the judgment and dismiss

the plaintiffs' complaint for the reason that the attorney general was not served with a copy of the proceedings.

*By the Court.*—Judgment vacated with directions to dismiss the complaint of the plaintiffs without prejudice.

ABRAHAMSON, J. *(dissenting).* This is the second time this case has been tried and appealed. The court now vacates the judgment on an issue which has not been raised or briefed by the parties or amicus curiae, namely the need to serve the attorney general under sec. 806.04 (11), Stats., when the application of a statute—rather than the statute itself—is alleged to be unconstitutional. This issue has not previously been decided by this court. The decision of this court on the issue not only affects the parties presently before the court but also affects many litigants and the attorney general. Under these circumstances, I would not vacate the judgment on this issue without first giving the parties—and the attorney general—an opportunity to be heard.

I have been authorized to state that Mr. Chief Justice BEILFUSS joins in this dissenting opinion.