John E. O'CONNELL et al., Plaintiffs,

v.

Gordon KNISKERN et al., Defendants.

Civ. A. No. 78-C-230.

United States District Court,
E. D. Wisconsin.

Feb. 29, 1980.

898

Leonard W. Schulz, Big Bend, Wis., for plaintiffs.

James W. Hammes, Waukesha, Wis., John William Calhoun, Asst. Atty. Gen., State of Wis. Dept. of Justice, Madison, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action for declaratory and injunctive relief brought pursuant to 42 U.S.C. § 1983.

Plaintiffs represent the class of parents who are residents of the Mukwonago School District and whose children attend the Catholic Memorial High School ("Memorial") in the City of Waukesha. Defendants are Wisconsin State Superintendent of Schools Barbara Thompson, Mukwonago School Superintendent Gordon Kniskern, and various individual members of the Mukwonago School Board. At issue is defendants' refusal to provide bus transportation to Memorial students residing within the Mukwonago School District. The underlying facts are not in dispute, and the parties have submitted cross motions for summary judgment.

Under Wisconsin law, school districts must provide bus transportation to students who attend private schools located two or more miles from their place of residence and not more than five miles beyond the boundaries of the school district. See § 121.54(2), Wis.Stats. If a private school is located more than five miles from the boundaries of a school district, the district may still elect to provide transportation, but it is not required to do so by statute.

The Mukwonago School District is a consolidated district which was established in 1971. Catholic Memorial High School is a private sectarian school which is located slightly more than five miles from the nearest boundary of the Mukwonago School District. From 1971 through 1974, the Mukwonago district electors voted at the annual district meeting to transport students to Memorial. Following the 1974 school year, the district electors narrowly voted down the resolution to finance bus transportation to Memorial, and no such transportation has been provided since that time.

Plaintiffs seek a declaration that the statutory scheme, on its face or as applied to the plaintiffs, operates to deny plaintiffs the equal protection of law as guaranteed by the Fourteenth Amendment to the United States Constitution. Plaintiffs originally commenced an action in state court which was ultimately terminated by the Wisconsin Supreme Court without a judgment on the merits. *O'Connell v. Board of Education,* 82 Wis.2d 728, 264 N.W.2d 561 (1978). This action was commenced in 1978 and was certified as a class action on June 12, 1979.

Courts faced with social welfare legislation which is alleged to deprive some persons or groups of the equal protection of law must undertake a two-step analysis. *San Antonio School District v. Rodriguez,* 411 U.S. 1, 17, 93 S.Ct. 1278, 1288, 36 L.Ed.2d 16 (1973). The first step is to determine the level of scrutiny to which the legislation will be subjected. A statute which affects the exercise of a fundamental personal freedom or which divides persons into "suspect" classes will be subjected to strict scrutiny. A statute which does not affect fundamental freedoms or utilize suspect classes will be subjected to a lesser level of scrutiny. The second step of the

equal protection analysis is to subject the challenged statute to the appropriate level of scrutiny. A statute which is subject to strict scrutiny will only be upheld if it serves an important government objective that could not be accomplished through less burdensome means. A statute subject to the lesser level of scrutiny will be upheld if it rationally serves a legitimate government objective.

Plaintiffs in this action do not claim that § 121.54(2) impinges upon any fundamental personal freedom. Rather, they argue that the statute, on its face and as applied, discriminates against parents who choose to send their children to Catholic schools. This characterization of the statutory scheme, however, is not supported by the record.

Prior to 1967, the Wisconsin constitution prohibited public school districts from providing publicly-funded transportation to students attending private schools. *State ex rel. Reynolds v. Nusbaum*, 17 Wis.2d 148, 115 N.W.2d 761 (1962). In 1967, the Wisconsin constitution was amended to permit the transportation of students to private schools. Wis.Const. Art. I § 23. Section 121.54(2) now *requires* school districts to provide publicly-financed transportation to students attending private schools located within five miles of the school district boundaries.

The record shows that defendants have complied with the statutory mandate. During the 1978–79 school year, defendants provided transportation to 182 students attending Catholic schools within the Mukwonago School District and to 51 students who attend a Catholic school located outside the school district but within five miles of the school district boundaries. (Affidavit of Gordon Kniskern, filed July 31, 1979, at 3–4.) In addition, defendants provide transportation to three Lutheran schools located within the school district. *Id.*, at 3.

■ The statute can only be characterized as implementing legislation designed to provide parents of students who attend private schools with a benefit that, until recently, they were not entitled to receive under the Wisconsin constitution. It is true that not all parents of students who attend private schools are entitled to such benefits. Specifically, parents of children who attend private schools located more than five miles from the boundaries of the school district are not entitled to publicly-funded transportation unless approved by the electors of the district. This hardly amounts, however, to discrimination on the basis of religion. The statute can much more fairly be read as distinguishing between parents whose children attend private schools located within five miles of the school district boundaries and parents whose children attend private schools located more than five miles beyond the school district boundaries. Accordingly, the statute on its face does not provide disparate treatment on the basis of suspect classifications.

■ Plaintiffs point out that a statute may be neutral on its face and yet be applied in a discriminatory manner. *Yick Wo v. Hopkins*, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886). The statute in this case is applied by the electors of the Mukwonago School District who vote at their annual meeting whether or not to fund transportation to Catholic Memorial High School.* Plaintiffs have made no showing that the decision not to provide transportation to Memorial students was motivated by a discriminatory purpose, nor has the existence of such a discriminatory purpose been alleged, and this court is not deciding what the outcome would be if the complaint contained such an allegation. Absent such an allegation, the existence of religiously motivated antipathy will not be inferred by the

---

* The fact that transportation beyond the five-mile boundary is dependent upon a public vote which may in fact be influenced by religious or anti-religious considerations is troubling. Such a procedure presents a real danger of what is known as "political entanglement" between church and state, which is prohibited by the

Establishment Clause of the First Amendment. See *Lemon v. Kurtzman*, 403 U.S. 602, 623, 91 S.Ct. 2105, 2116, 29 L.Ed.2d 745 (1971). Plaintiffs, however, have not sought to challenge this portion of the statutory scheme, and, therefore, this issue is not before the court.

court. *Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977).

Since there has been no showing that the challenged statute operates to discriminate on the basis of suspect classifications, the Court is required to limit its inquiry to whether or not there is a rational connection between the statutory classifications and legitimate government objectives. The government objectives sought to be served by the instant classification are readily apparent. The enactment of § 121.54(2) evidences the legislature's desire to compel school districts to provide publicly-financed transportation to students attending private as well as public schools. The legislature, however, thought it wise to put some sort of geographic limitation on the districts' duty to transport. Students attending public schools are only entitled to transportation to "the nearest public school they are entitled to attend." § 121.54(2)(a), Wis. Stats. Such a geographical limitation would be impracticable with respect to private schools, and so the legislature substituted the five-mile limitation instead.

■ The imposition of a geographical limitation on a school district's duty to transport is a legitimate government objective. Financial and safety considerations would seem to make some sort of limitation indispensible. The next issue is whether, as a matter of constitutional law, this Court should impose limitations that are different than those settled upon by the Wisconsin legislature.

The process of legislation by its very nature involves line drawing. Often the lines are drawn more or less arbitrarily with little thought given to the impact on a particular situation. While it may be unfortunate that Memorial students are denied the guarantee of publicly-funded transportation because their school is located 130 feet beyond the line drawn by the legislature, the remedy does not lie with the federal courts. As stated in the recent case of *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 99 S.Ct. 2282, 2292, 60 L.Ed.2d 870 (1979):

"The Equal Protection Guarantee of the Fourteenth Amendment does not take from the States all power of classification. [Citation omitted.] Most laws classify, and many affect certain groups unevenly, even though the law itself treats them no differently from all other members of the class described by the law. When the basic classification is rationally based, uneven effects upon particular groups within a class are ordinarily of no constitutional concern. [Citations omitted.] The calculus of effects, the manner in which a particular law reverberates in a society, is a legislative and not a judicial responsibility. [Citations omitted.] In assessing an equal protection challenge, a court is called upon only to measure the basic validity of the legislative classification. [Citations omitted.] When some other independent right is not at stake, [citations omitted] and when there is no 'reason to infer antipathy,' [citation omitted] it is presumed that 'even improvident decisions will eventually be rectified by the democratic process . . . .' *Ibid.*"

Plaintiffs argue that the case is controlled by *Deutsch v. Teel*, D.C., 400 F.Supp. 598 (1975). In that case the Milwaukee School District transported students to public and private schools within the Milwaukee city limits but refused to transport students to private schools located beyond the city limits. A three-judge panel found defendants' refusal to transport students beyond the city limits to be irrational inasmuch as there was evidence that public school students were transported much greater distances within the city limits.

The case is distinguishable on two grounds. First, students in the instant case are transported pursuant to a different statutory scheme than was at issue in *Deutsch*. The so-called "city option" at issue in *Deutsch* required that the Milwaukee School District transport students to schools located within the city limits and no further. The statute at issue in these proceedings is much more liberal in that it requires the Mukwonago School District to transport

students up to five miles beyond the district boundaries. Secondly, unlike *Deutsch*, there is no evidence in this case that public school students are transported greater distances than the distance that would be travelled were the school district to provide transportation to Memorial students. Public school students, in fact, are only entitled to transportation to the public school nearest their residence, a limitation not imposed on students attending private schools. Accordingly, the disparate treatment in this case is only among private school students, not among public school and private school students as was the case in *Deutsch*.

Based on the foregoing, the Court finds that plaintiffs and the class they represent have not been denied the equal protection of law, and, accordingly, defendants are entitled to summary judgment.

IT IS THEREFORE ORDERED that judgment in the above-entitled action be entered in favor of the defendants.