HOGENSEN, Respondent, vs. PRAHL and another, Appellants.

*April 9—May 11, 1926.*

*Appeal: Order granting new trial: Extension of time to appeal: Jurisdiction of court: Stay of proceedings: Effect: Appeal from order affirming original order.*

1. The court, in setting aside a verdict and granting a new trial to the plaintiff, has no power to extend the time fixed by sec. 274.04, Stats., within which an appeal may be taken, it being necessary, to vacate the order for a new trial, to effectively extend the time to appeal.   p. 216.
2. An order to show cause why a review should not be had of the order setting aside the verdict and granting plaintiff a new trial, staying all proceedings until after such hearing, operates to extend the time for payment of costs by plaintiff, which was required as a condition for granting a new trial, the terms upon which a new trial is to be had being within the control of the court.   p. 217.
3. Though plaintiff might have lost his right to a new trial by a failure to pay the costs within the time limited by the order granting the new trial, a stay of proceedings extending the time for the payment of costs did not enlarge defendant's time for appeal.   p. 217.
4. Where the order granting plaintiff a new trial was affirmed after rehearing and reargument, and plaintiff paid the costs within the time limited, the order granting a new trial was in fact made on the date when first entered, and, an appeal not having been taken within the time prescribed by sec. 274.04, Stats., no appeal from the order on rehearing will lie.   p. 218.
5. The original order setting aside a verdict and granting plaintiff a new trial cannot be reviewed on appeal from an order affirming the original order.   p. 218.

APPEAL from an order of the circuit court for Milwaukee county: BYRON B. PARK, Judge.   *Dismissed.*

For the appellants there were briefs by *Shockley & Dougherty,* attorneys, and *Robert B. Ells,* of counsel, all of Milwaukee, and oral argument by *Mr. Dale C. Shockley, Mr. Glenn R. Dougherty,* and *Mr. Ells.*

For the respondent there was a brief by *Hannan, Johnson*

Hogensen v. Prahl, 190 Wis. 214.

*& Goldschmidt* of Milwaukee and *Waller & Ruzicka* of Burlington, attorneys, and *Whaley, Erikson & Paulsen* of Racine, of counsel, and oral argument by *Vilas H. Whaley* and *Martin R. Paulsen.*

ROSENBERRY, J.   On February 18, 1925, the jury returned a verdict in this case finding the defendant negligent in the operation of his car with respect to speed, keeping a proper lookout, and failing to yield the right of way.   By the same verdict the jury found the plaintiff guilty of a want of ordinary care in the management of his car with respect to excessive speed and failure to keep a proper lookout.   On motions after verdict the court by order dated April 16, 1925, set aside the verdict and granted a new trial.   Subsequently a motion was made by the defendants, returnable June 13, 1925, for a review of the order of April 16th, and on July 29, 1925, the trial court affirmed the decision of April 16th.   By notice dated August 13, 1925, the defendants appealed "from the order of the above named court in the above entitled action entered on the 25th day of July, 1925, continuing and affirming the order of said court entered on the 18th day of April, 1925, setting aside the verdict of the jury in said cause and granting to the plaintiff a new trial, and from the whole thereof."

Upon the motions after verdict the court filed a written opinion, which concludes as follows: "The order will be that the verdict be set aside and a new trial granted." This was followed by a formal order under date of April 16, 1925, which was filed April 27, 1925, and on April 29, 1925, notice of entry of the order granting a new trial was served upon the attorneys for the defendants.   The formal order contained the following provision:

"Now, therefore, it is hereby ordered that defendant's motions are denied and plaintiff's motion to set aside the

verdict and for a new trial is hereby granted upon condition that the plaintiff pay to the defendant the taxable costs of the former trial within thirty days after the taxation thereof."

The costs were taxed May 4, 1925, but were not paid until June 13, 1925, as appears by the certificate of the clerk of the court dated December 10, 1925.

On May 25, 1925, the defendants procured an order to show cause, returnable June 13th,—

"why a rehearing and rearguing of the motions after verdict herein should not be had; and

"It is further ordered that all further proceedings herein be stayed until after the hearing on this order to show cause and until further order of the court herein; and

"It is further ordered that the time for settlement of bill of exceptions and appeal from the original order of the court for new trial herein, be and the same hereby is extended for thirty days following the order of the court in determination of this motion."

And by order dated June 19, 1925, for cause stated, the court extended the time for consideration and decision of the motion of May 25th to a time not later than the 20th day of July, 1925, and on July 20th the court made the order affirming the order of April 16th.   Notice of entry of this order was served July 28, 1925, from which, as before stated, the defendants appealed on August 13th.

Unless the order of May 25th stayed proceedings on the order of April 16th the plaintiff did not, as he was required to do, pay the costs within thirty days, which was the condition upon which the order granting a new trial became effective.   If the order of May 25th stayed proceedings so as to thereafter extend the payment of the costs until such time as the motion for rehearing should be finally determined, the time for payment of costs did not expire until July 20th.   The court had no power to extend the time within which an appeal might be taken.   The only way in

which that time might effectively have been extended was by vacating the order of April 16th. The order entered on the decision of July 20th is as follows:

"And the court having made an order on the 25th day of May, A. D. 1925, requiring plaintiff to show cause on the 13th day of June, A. D. 1925, why a rehearing and rearguing of the motions after verdict should not be had, and the court having made an order permitting a rehearing and rearguing of said motions, and having heard the arguments of counsel, and being fully advised:

"Now, therefore, it is ordered that defendants' motion on the order to show cause returnable on the 13th day of June, A. D. 1925, is hereby overruled, and the decision and order of the court as entered on the 16th day of April shall continue to stand as the court's order on motions after verdict."

Neither the motion of the defendant nor the order made therein hints at a vacation of the order of April 16th. The stay contained in the order of May 25th was of "all proceedings until after the hearing on this order to show cause and until further order of the court herein." The whole matter of the terms upon which a new trial was to be had was within the control of the court and the stay operated to extend the time of payment accordingly. The costs were paid on the day on which the order to show cause was returnable. The time for appeal from the order of April 16th expired thirty days after notice of entry of the order (sec. 274.04, Stats.). The time within which an appeal may be taken is fixed by statute, and the court has no power to enlarge it. While the plaintiff might lose his right to a new trial by failure to pay the costs within the time limited by the order of April 16th as extended by the stay, the time within which the defendant might appeal was not enlarged and defendant's right of appeal did not depend upon the failure of the plaintiff to perform or performance by the plaintiff of the condition of the order.

The order staying proceedings having been granted and the plaintiff having paid the costs within the time limited, the plaintiff's right to the benefit of the order became complete, so that the order granting a new trial in this case was in fact made on April 16th, and an appeal from the order on the rehearing and reargument does not lie; nor can the original order be reviewed on appeal from such an order. *Fred Miller Brewing Co. v. Knebel,* 168 Wis. 587, 171 N. W. 69; *Erin Prairie v. Wells,* 158 Wis. 140, 147 N. W. 374, 148 N. W. 1095. The appeal must therefore be dismissed.

*By the Court.*—It is so ordered.