Kellogg-Citizens National Bank of Green Bay, Trustee, Respondent, vs. Francois, Appellant.

*April 8—May 5, 1942.*

434

For the appellant the cause was submitted on the brief of *Eberlein & Eberlein* of Shawano, substituted in place and stead of *A. B. Fontaine,* deceased.

For the respondent there was a brief by *North, Bie, Duquaine, Welsh & Trowbridge* of Green Bay, and oral argument by *Rodney C. Welsh.*

ROSENBERRY, C. J.    There would seem to be one complete and all-sufficient answer to the contentions made on behalf of the defendant Francois in this case.    The deficiency judgment was entered on February 18, 1937, and notice of entry thereof served.    These motions were made under sec. 269.46, Stats.    Under this section, it is not enough that a motion be made within a year but the court must act within a year. *Fischbeck v. Mielenz* (1916); 162 Wis. 12, 154 N. W. 701; *Ehnergreen v. Kern* (1918), 167 Wis. 560, 168 N. W. 407. While it is true that no notice of entry of judgment of foreclosure was served upon the defendant Francois, notice of entry of deficiency judgment was served, and he certainly had notice of the judgment of foreclosure when he made his motions in this case.    It is clear therefore that at the time the order appealed from was entered the court had no power or jurisdiction to amend the judgment entered in 1937.    The defendant Francois seeks to avoid the effect of this rule and makes the following claim:

"We stress the fact that the plaintiff's errors from the complaint to and inclusive of the judgment operate as a fraud against which the court has the inherent power to relieve in all circumstances."

The claim that the commission of error by a court operated as a fraud, we consider to be without merit and frivolous. In this case the court was not misled by any fraud, constructive or otherwise.    What the appealing defendant seeks to do in this case is to relitigate matters disposed of by previous judgments and orders of the court.    This court has held from the earliest day that where no appeal is taken from an order (or

judgment) within the time limited, mere error in an order cannot be reached by appealing from an order denying a motion to set it aside. *Van Steenwyck v. Miller* (1864), 18 Wis. *320; *Will of Skrinsrud* (1914), 158 Wis. 142, 147 N. W. 370; *Fred Miller B. Co. v. Knebel* (1919), 168 Wis. 587, 171 N. W. 69; *Hogensen v. Prahl* (1926), 190 Wis. 214, 208 N. W. 867.

The alleged error of which the appealing defendant complains is that the plaintiff in his complaint asked for judgment—

"for any deficiency remaining unpaid after applying the proceeds of said sale thereon as prescribed by law against the said Emil Hauterbrook and Mary Hauterbrook, his wife, and Joseph P. Francois, who are personally liable for the payment of the debt secured by said mortgage."

The liability of the defendant Francois is set forth in the nineteenth paragraph of the complaint as follows:

"That thereafter, to wit, on the 5th day of October, 1931, the defendant Joseph P. Francois for value received, by instrument in writing dated on said day, assumed and agreed to pay the mortgage above described, according to the terms thereof."

The agreement entered into provided:

(1) For the extension of the mortgage; (2) for payment of $540 forthwith; (3) "That the principal of said mortgage shall be payable in monthly instalments of $50 per month, interest at 6% per annum payable semiannually;" (4) "That the whole of the remaining unpaid principal shall be payable at any time at the option of the second party, on or before five years from the date hereof;" (5) "That the second party assumes and agrees to pay the trustee's mortgage according to the terms hereof."

It was admitted by the plaintiff that by entering into this contract for extension of the time for valuable consideration with the defendant Francois, the Hauterbrooks were dis-

charged from personal liability on the note which was secured by the mortgage. The appealing defendant contends that the plaintiff was not entitled to judgment for deficiency against him and that the judgment was void. We regard this contention as specious, and it ignores the very evident fact that by the execution of the agreement for extension Francois became as between the parties the principal debtor. That has been the law of this state at least since *Fanning v. Murphy* (1906), 126 Wis. 538, 105 N. W. 1056. It is equally evident that no judgment was taken for a greater amount than that demanded in the complaint, hence the appealing defendant's claim that the court was without jurisdiction to enter the judgment is without support in the record. While the record in this case is one of which no court can be proud, it is evident that at all times the court had jurisdiction. Assuming, without deciding, that it was in error in entering the judgment for deficiency, that is a matter which cannot be relitigated in this proceeding and the contentions of the appealing defendant are without merit. The appeal quite evidently can serve no other purpose than to hinder and delay the plaintiff in the enforcement of its judgment. For these reasons it is considered that the appeal in this case is without merit and frivolous and the plaintiff may tax double costs as provided in sec. 251.23 (3), Stats.

*By the Court.*—The order appealed from is affirmed with double costs.