BARNEVELD STATE BANK, Plaintiff and Respondent, v. PETERSEN, by Guardian *ad litem,* and another, Defendants and Respondents: BUNBURY and wife, and another, Intervening Defendants and Appellants.

*No. 383. Submitted under sec. (Rule) 251.54 February 5, 1975.—*
*Decided April 10, 1975.*
(Also reported in 227 N. W. 2d 690.)

For the appellants the cause was submitted on the briefs of *Richard R. Rynders* of Madison; and for the respondents there was a joint brief by *Ronald J. Kotnik* of Madison, guardian *ad litem* for respondent Maxine Petersen; *Ela, Esch, Hart & Clark* and *Ronald J. Kotnik,* all of Madison, attorneys for respondent Maxine Petersen; *Stroud, Stroud, Willink, Thompson & Howard* and *Dale R. Thompson,* all of Madison, attorneys for respondent Barneveld State Bank; and *Cook & Kalbacken* and *Harry J. Cook,* all of Mt. Horeb, attorneys for respondent Barneveld State Bank.

ROBERT W. HANSEN, J. For want of a nail, a kingdom was lost, an almanac informed us two hundred years ago. In this case for want of the nail being affixed to the proper horseshoe, the right of appeal has been lost. The horse (right to appellate review) early became unshod in the following sequence of events:

On August 2, 1973, the trial court signed and filed its "Decision—Order Denying Motion." As its title suggests, this decision and order was not just an opinion. It was also an order disposing of the issues raised by the petition for intervention and the answers thereto. The test as to whether a document is an order or no more than a trial court opinion is whether the trial court contemplates any further formal order with respect to

the motion.[1] It is apparent from this decision order that no further action was contemplated or provided for as to the petition for intervention. The court order of August 2, 1973, was appealable.[2]

The order of August 2, 1973, being appealable, the subsequent order of October 4, 1973, was not unless it decided issues which were not disposed of by the original order.[3] Although the actual deed of husband to wife of August 20, 1973, had not been executed, the issue of whether such deed, if executed, would or could have an effect was determined in the court order of August 2, 1973. The issue of whether the transaction for sale of land included purchase of machinery from the husband

[1] *Estate of Baumgarten* (1961), 12 Wis. 2d 212, 220, 107 N. W. 2d 169, this court holding: ". . . There is nothing stated in such decision that any further order is contemplated to be entered with respect to such motion. The prior holdings of this court establish that a memorandum opinion or decision may constitute an order if it in fact constitutes the final ruling of the court. . . ." (Citing *State ex rel. Zilisch v. Auer* (1928), 197 Wis. 284, 287, 288, 221 N. W. 860, 233 N. W. 123; *Will of Pattison* (1926), 190 Wis. 289, 298, 207 N. W. 292; and *Will of Jansen* (1923), 181 Wis. 83, 85, 193 N. W. 972.)

[2] Sec. 274.33 (2), Stats., provides that, among orders made by the trial court which are appealable to this court, is included the following: "(2) A final order affecting a substantial right.

". . .

"(b) Made upon a summary application in an action after judgment."

[3] *Ver Hagen v. Gibbons* (1972), 55 Wis. 2d 21, 25, 197 N. W. 2d 752, this court holding: ". . . [A]n order entered on a motion to modify or vacate a judgment or order is not appealable where, as here, the only issues raised by the motion were disposed of by the original judgment or order. . . ." (Citing *Fred Miller Brewing Co. v. Knebel* (1919), 168 Wis. 587, 588, 589, 171 N. W. 69; *Hogensen v. Prahl* (1926), 190 Wis. 214, 218, 208 N. W. 867; and *Kellogg-Citizens Nat. Bank v. Francois* (1942), 240 Wis. 432, 435, 436, 3 N. W. 2d 686.)

was not specifically ruled on by the trial court in the August 2, 1973, order. However, evidence as to the nature of the transactions between husband and wife were before the court. Appellants introduced evidence that the husband and the wife made a joint contract to convey the farm property and equipment, and each was paid. Respondents contested the point. The trial court considered the equipment aspect irrelevant as it was included in the holding that the wife had a right to revoke the transaction until the husband signed the formal deed. Both issues involved were before the court and were disposed of, as to the situation then obtaining, by the order of August 2, 1973. The order of October 4, 1973, as an order denying a motion to reconsider the order of August 2, 1973,[4] did not decide issues which were not before the court in the earlier order and is not appealable.

The sharpest argument made relating to the issue of appealability is the application of the statute providing for waiver, on appeal to this court, of irregularities and lack of jurisdiction.[5] However, the cutting edge of this

[4] *See: Id.* at page 26, this court adding: "There are a number of reasons for holding that an order granting or denying a motion for review of a prior order or judgment is not appealable under sec. 274.33, Stats. Either the order is not final in that it does not prevent a judgment from which an appeal can be taken, or it does not affect a substantial right, inasmuch as the right is affected by the prior appealable order or judgment. Furthermore, as we noted in *Erin Prairie v. Wells* (1914), 158 Wis. 140, 141, 142, 147 N. W. 374, 148 N. W. 1095, if an appeal were allowed in such a case, the statute limiting the time for appeal would be wholly nullified."

[5] Sec. 269.51 (1), Stats., providing: "(1) When an appeal from any court, tribunal, officer or board is attempted to any court and return is duly made to such court, the respondent shall be deemed to have waived all objections to the regularity or sufficiency of the appeal or to the jurisdiction of the appellate court, unless he shall move to dismiss such appeal before taking or

argument is dulled by its having recently been rejected in the construction given sec. 269.51 (1), Stats., by this court. Construing this statute in *Baumgarten v. Jones,*[6] this court held, as to a misdesignation of the document appealed from, that a respondent who participates in this court in a review of the merits thereof without appropriate objection waives his right to object to jurisdiction over his person.[7] This court, in that case, granted appellant's motion to amend his notice of appeal. In *Walford v. Bartsch,*[8] this court held that a notice of appeal from a nonappealable order ". . . confers no personal jurisdiction upon the appellate court, even though it has acquired subject matter jurisdiction by virtue of the entry of an appealable order in the trial court." [9] In that case we held, as to a notice of appeal from a nonappealable order where subject matter jurisdiction is present, that we ". . . can proceed to a final decision only under circumstances when it can be found that the respondent has waived objection to personal jurisdiction as provided in sec. 269.51, Stats." [10]

---

participating in any other proceedings in said appellate court. If it shall appear upon the hearing of such motion that such appeal was attempted in good faith the court may allow any defect or omission in the appeal papers to be supplied, either with or without terms, and with the same effect as if the appeal had been originally properly taken."

[6] (1963), 21 Wis. 2d 467, 124 N. W. 2d 609.

[7] *Id.* at page 470, this court holding: ". . . where an appealable order or judgment has been entered, but no proper notice of appeal therefrom has been served, a respondent who participates in this court in a review of the merits thereof without appropriate objection on the ground that jurisdiction over his person has not been obtained for such review has waived his objection." (Citing *Asen v. Jos. Schlitz Brewing Co.* (1960), 11 Wis. 2d 594, 599, 106 N. W. 2d 269; *Town of Madison v. City of Madison* (1960), 12 Wis. 2d 100, 103, 106 N. W. 2d 264.)

[8] (1974), 65 Wis. 2d 254, 222 N. W. 2d 633.

[9] *Id.* at page 262.

[10] *Id.* at page 262.

The statute is thus construed to provide that this court cannot, in supplying a defect or omission in the appeal papers, assert personal jurisdiction over a party who has made a timely and meritorious objection. Only if such objection is waived can leave to amend the notice of appeal be granted and the appeal considered on its merits. Under earlier cases, the acceptance and retention by the respondents here of the appellants' brief would have constituted a waiver of the objection as to personal jurisdiction on this appeal.[11] However, very recently, in *State v. Van Duyse*,[12] those cases have been specifically overruled,[13] and it is now the rule that retention of appellants' brief prior to making a motion to dismiss is not sufficient participation in the appeal to constitute waiver.[14] It follows that the respondents here did not waive their right to challenge the absence of personal jurisdiction, and this court did not gain the right to permit amending the appeal motion in order to reach the merits of the issues raised. If this significant consequence of the nail being affixed to the wrong horseshoe puts too great an emphasis upon form and too little upon the correctability of an error as to the order appealable and appealed from, the construction given sec. 269.51 (1), Stats., can be changed by the legislature. The writer would prefer the abandoned rule that failure to move to dismiss before receipt of the appellants' brief constitutes

[11] *See: Estate of White* (1950), 256 Wis. 467, 471, 41 N. W. 2d 776; and *Maas v. W. R. Arthur & Co.* (1942), 239 Wis. 581, 2 N. W. 2d 238, holding admission of service and retention of appellants' briefs ". . . to be a participation in proceedings in the appellate court."

[12] (1975), 66 Wis. 2d 286, 224 N. W. 2d 603.

[13] *Id.* at page 294.

[14] *Id.* at page 294, this court holding: "We hold that mere retention of appellant's brief prior to making a motion to dismiss is not participation in the appeal under sec. 269.51, Stats., and does not constitute a waiver of objection to jurisdiction. . . ."

a waiver of objection to personal jurisdiction. However, with the *Van Duyse* rule, so recently announced by this court, the writer concurs with his colleagues that the rule ought not be changed so soon after its adoption. It follows that, in the case before us, respondents did not waive their right to challenge personal jurisdiction, and this court does not have personal jurisdiction over them. Consequently, this appeal must be dismissed.

*By the Court.*—Appeal dismissed.