The LA CROSSE TRUST CO., Personal Representative of the Estate of Betty J. Harrison, Deceased, Plaintiff-Respondent,

v.

Jeffrey H. BLUSKE and Cindy L. Bluske, Defendants-Appellants and Cross-Respondents,

Frank J. HARRISON, Defendant by Designation-Respondent and Cross-Appellant.†

Court of Appeals

*No. 80–1356. Submitted on briefs August 25, 1980.— Decided October 27, 1980.*
(Also reported in 299 N.W.2d 302.)

For the plaintiff-respondent the cause was submitted on the motion of *Marvin H. Davis* and *Joanis, Davis, Ablan & Joanis* of La Crosse, and *Ernest O. Hanson* and *Hale, Skemp, Hanson & Skemp* of La Crosse.

For the defendants-appellants the cause was submitted on the response of *Marilyn A. Madorsky* and *Stroud, Stroud, Willink, Thompson & Howard* of Madison.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

PER CURIAM. The respondents have moved to dismiss the appeal of defendants Jeffrey and Cindy Bluske

† Petition to review denied.

as untimely taken. We agree that the Bluskes' notice of appeal was filed late and that the appeal must be dismissed. The cross-appeal by defendant Frank J. Harrison was timely taken and the court has jurisdiction of that appeal.

March 24, 1980, the trial court entered a judgment in favor of the plaintiff. Notice of entry of judgment was timely served the same day.

Subsequently, the Bluskes moved the trial court to amend the judgment to include a provision dismissing Harrison's cross-claim against them and to review its prior ruling that Harrison was a resident of the State of Wisconsin.

June 17, 1980, the trial court entered an amended judgment with an additional provision dismissing Harrison's cross-claim. The court found no reason to change its prior ruling that Harrison was a resident of Wisconsin. In all other aspects the June 17 amended judgment was identical to the March 24 judgment. Notice of entry of the amended judgment was timely served.

July 28, 1980, the Bluskes filed a notice of appeal from the amended judgment. July 30, 1980, Harrison filed a notice of cross-appeal from the amended judgment.

The original judgment entered March 24, 1980 decided all issues adverse to the Bluskes. Because a notice of entry of judgment had been timely filed pursuant to sec. 806.05(5), Stats., the Bluskes had 45 days to appeal from that judgment pursuant to sec. 808.04(1), Stats., or until May 8, 1980. Their notice of appeal was not filed until July 28, 1980. This court has no jurisdiction of an appeal which is not timely taken. Rule 809.10(1)(b).

The Bluskes could not appeal from the June 17 amended judgment because no new issues adverse to them were decided by that judgment. A party cannot appeal from a judgment or order unless he is aggrieved by it. *Law-*

*rence v. MacIntyre,* 48 Wis.2d 550, 553, 180 N.W.2d 538, 540 (1970). The only new issue decided by the amended judgment was the dismissal of Harrison's cross-claim against the Bluskes, which was in their favor. The other issue decided by the amended judgment and adverse to the Bluskes, i.e., whether Harrison was a resident of Wisconsin, had been previously decided by the trial court. The Bluskes' motion on this issue was in effect a motion for reconsideration. The Wisconsin Supreme Court has frequently held that there is no right to appeal from an order or judgment entered on a motion to modify or vacate a judgment where the only issues raised were disposed of in the prior order or judgment. *Ver Hagen v. Gibbons,* 55 Wis.2d 21, 25, 197 N.W.2d 752, 754 (1972); *Barneveld State Bank v. Petersen,* 68 Wis.2d 26, 30–31, 227 N.W.2d 690, 692 (1975); *Mack v. Joint School District No. 3,* 92 Wis.2d 476, 485, 285 N.W.2d 604, 608 (1979). Although this rule can be a trap for the unwary and at times may be harsh, the policy behind the rule is to prevent a party from extending the time to appeal by filing a motion for reconsideration. *Ver Hagen,* supra at 26, 197 N.W.2d at 755.

The cross-appeal taken by Harrison from that portion of the amended judgment dismissing his cross-claim was taken within the statutory period. The dismissal of the cross-claim was adverse to Harrison, and that issue was decided for the first time in the amended judgment. We therefore conclude that this court has jurisdiction of the cross-appeal.

*By the Court.*—Appeal dismissed. This court has jurisdiction of cross-appeal.