AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation, Plaintiff-Appellant,

v.

John L. SHANNON, Defendant-Respondent.

Supreme Court

No. 83–1368. *Submitted on briefs October 3, 1984.—Decided October 30, 1984.*

(Also reported in 356 N.W.2d 175.)

For the plaintiff-appellant there were briefs by *Daniel L. Smart* and *Kingston and Smart,* Mukwonago, and *Christopher T. Kolb,* of counsel.

For the defendant-respondent. there was a brief by *Louis F. Gerard* and *Gerard & Gerard, S.C.,* Racine.

STEINMETZ, J.   The issue in this case is whether a trial court, sitting as the trier of fact, can rely on an un-requested, unannounced, unaccompanied and unrecorded

view of an accident scene in assessing the evidence produced at trial.

At approximately 12:01 a.m. on the morning of August 15, 1981, a collision occurred in the town of Mount Pleasant in the northbound lane of Highway 32, also known as Racine Street. David J. Wodicka stated to police who arrived at the scene that he had been traveling northbound on the street, preparing to stop and turn left into a parking lot, when his car was struck from the rear by John L. Shannon's vehicle. Shannon also gave a statement to the police. He reported that he had been traveling northbound on the street and struck the vehicle ahead of him. No witnesses came forward at the scene.

Eleven months later, on July 21, 1982, a deposition was taken of Melvin Griffin who testified that he had witnessed the accident and that he had observed Wodicka's car backing out of the parking lot on the west side of Racine Street. He reported that the car backed into the northbound lane and into Shannon's line of travel.

On October 20, 1982, Shannon testified in a deposition that Wodicka's vehicle had backed out of the lot and into his line of travel. This was the first time he mentioned this fact. He had previously told the police of striking a vehicle ahead of him and had told an agent for Wodicka's insurer five days after the accident that Wodicka "had to be going left" and "traveling the same direction" as his own and that it came to a stop prior to the collision. On neither occasion did he mention the Wodicka car was backing out of a parking lot.

Suit was brought by American Family Mutual Insurance Company in subrogation against Shannon. The defendant counterclaimed. Trial was held without a jury before the Honorable Dennis J. Flynn, circuit court of Racine county, on May 27, 1983.

Wodicka testified that just before the accident he had been northbound on Racine Street, preparing to turn left

into the parking lot to the west. It had been his intention to pass over to the next driveway to the south, exit onto the street again, and then proceed southbound on Racine. Considerable debate occurred as to whether it was physically possible to execute that maneuver. Shannon maintained that access between the two driveways was blocked making the maneuver a physical impossibility. At the close of trial, after all the evidence had been presented and closing arguments completed, Judge Flynn went to the scene of the accident. The parties and their counsel were not made aware of this fact until Judge Flynn rendered his decision from the bench.

On May 27, 1983, the trial court stated: "The Court when we took a break had a chance actually to go to the scene, and it took me about 10 or 15 minutes. And I reviewed consistent with all the testimony that had been received, I reviewed what actually was there."

Based on the court's view of the accident scene, the court held:

"It appears to be an absolute physical impossibility for the plaintiff to make the U-turn that he's testified to, and then on cross-examination he remained consistent, both in direct and cross-examination, but the physical facts— the point I'm making is the physical facts tend to be supportive of the basic proposition of the theory of the defendant, and conversely, they tend to rebut the theory as proposed by the plaintiff.

"Based on my review again of all the evidence presented, the evidence here, an analysis of the law, the Court makes a factual finding here that at the time of the accident, the plaintiff was in fact backing his vehicle out of the area by driveway No. 3 on the exhibit and across the southbound lane of Racine Street and into the northbound lane of Racine Street where the accident in fact occurred."

Judgment was entered on June 27, 1983, for the defendant with the court apportioning negligence as 75 per-

cent to Wodicka for negligence in management, control, lookout and speed in backing his vehicle, and 25 percent to Shannon for negligence in management and control.

American Family Mutual Insurance appealed to the court of appeals and the court of appeals certified this issue to this court. We accepted certification and reverse the trial court, remanding the case for a new trial. We hold the trial court may view a scene but only after it notifies the parties and provides them with an opportunity to be present at the time of view. The judge, in making an unrequested, unannounced, unaccompanied and unrecorded view of the scene, gathers evidence used to determine the credibility of witnesses that is not part of the record, and, therefore, is an error of law. " 'If a judge bases the exercise of his discretion upon an error of law, his conduct is beyond the limits of discretion.' " *Beberfall v. Beberfall*, 44 Wis. 2d 540, 544, 171 N.W.2d 390 (1969), quoting *State v. Hutnik*, 39 Wis. 2d 754, 763, 159 N.W.2d 733 (1968).

Whether a trial court, sitting as the trier of fact, can rely on an unrequested, unannounced, unaccompanied and unrecorded view of an accident scene in assessing the evidence produced at trial is a question of law that we review independently. *LePoidevin v. Wilson*, 111 Wis. 2d 116, 121, 330 N.W.2d 555 (1983); *First Nat. Leasing Corp. v. Madison*, 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253 (1977).

There is no contemporary Wisconsin precedent on this issue. In his brief, Shannon points to two Wisconsin cases that purport to deal with the issue at hand, *Tiede v. Schneidt*, 105 Wis. 470, 81 N.W. 826 (1900) and *Kremer v. Thwaits*, 105 Wis. 534, 81 N.W. 654 (1900). In *Tiede v. Schneidt* this court noted:

"The learned trial judge manifestly tried to ascertain the truth, and find accordingly. It is recited in the findings that, after the cause was tried, and while holding it under advisement, he visited and viewed the premises on three separate occasions, and while the establishment was in operation, and made the findings after having fully considered the matter. Such views enabled the court to weigh and appreciate the evidence in the case much better than otherwise. We assume that was the only purpose of such views, and so they were permissible. The actual conditions of the plant when in operation and when idle were, manifestly, more convincing than the statement of witnesses as to what they did or did not smell at certain times and distances from the plant." 105 Wis. at 479.

■

This court is not bound by its own dicta. *Reiter v. Dyken,* 95 Wis. 2d 461, 474, 290 N.W.2d 510 (1980); *State ex rel. Ekern v. Dammann,* 215 Wis. 394, 403, 254 N.W. 759, 762 (1934). A dictum is a statement not addressed to the question before the court or necessary for its decision. In *Tiede v. Schneidt,* neither party assigned any error to the trial court's action. This court in *Tiede* was not asked to review the propriety of the trial court's view of the premises. Whether or not such act was proper was not necessary for that court's decision and is therefore dictum. Consequently, we are not bound by the quoted statements from the *Tiede* case.

In *Kremer v. Thwaits,* 105 Wis. 534, 538–39, this court stated:

"Some complaint is made for that the judge, while the matter was pending, made a personal inspection of the mortgaged premises, which he certifies materially aided him in reaching his decision. We fail to discover any prejudicial error in this circumstance. Even if, as independent information upon the subject of value, it was improper to be considered, such inspection may greatly aid the judge in understanding and weighing the evidence before him in the form of affidavits attempting to describe methods of division of the premises, and the adaptability

and value of the buildings upon such subdivision. This purpose is recognized as even justifying inspection by a jury. If necessary to sustain the order, we should not hesitate to indulge in a presumption that the information thus acquired was only so applied. Why should not the judge use his knowledge of the premises to test the force of an affidavit as to their situation and value, as well as he should use his personal knowledge of the character of the affiant to test its credibility? This is essentially the province of a trial judge."

In *Tiede v. Schneidt,* this court was asked to determine whether the rendering plant, operated by Tiede, was a nuisance to its neighbor Schneidt. In *Kremer v. Thwaits,* this court was asked to refuse confirmation of a foreclosure sale based on alleged inequity. In both *Tiede* and *Kremer,* the plaintifs sought equitable relief. Historically, courts in equity were given greater flexibility than courts at law. Notably, the *Kremer* court stated: "The attitude of a court of equity in considering the confirmation of one of its own sales is very much more liberal than that of the same court, or of a court of law, when invoked in a suit to undo what has been brought about by mistake." 105 Wis. at 537. Because *Kremer* and *Tiede* were actions in equity and because they are so factually dissimilar to the present case, we are not bound by their statements in this matter here on appeal. We note these quotations from *Kremer* and *Tiede* with only passing historical significance of the procedural freedom that was then accorded courts in suits in equity. Today's modern jurisprudence is set apart in evidentiary fact finding that once characterized the practice of law at the turn of this century.

We do not hold that a judge may never view the premises or scene of an accident. Sections 805.08(4) and 972.06, Stats.,[1] specifically authorize the jury a view.

---

[1] Sec. 805.08(4), Stats., provides:

"(4) JURY VIEW. On motion of any party, the jury may be taken to view any property, matter or thing relating to the con-

Accompanying a jury's view are specific procedural safe-guards to ensure accuracy and reliability of the informa-tion gained.[2] If a judge or jury member is allowed to view the scene of the accident, unaccompanied and with-out notice to the parties, several problems result. Such action and information are outside the record and there-fore beyond this court's reach in its review. Because no notice is given, counsel is precluded from ensuring the in-formation or facts observed are accurate, relevant and total for the issue considered, that the premises are the same in question and have not substantially changed in character or detail. We believe it to be a better practice for the judge to notify the parties of the court's desire to view the scene and allow them the opportunity to accom-pany the court in its view.

We endorse the statement found at 76 Am. Jur. 2d *Trial* sec. 1247 (1975), stating that it is error for a judge to view the scene of the action without the knowledge or consent of the parties and to base any finding or decision on the results thereof, or to view the premises for the purpose of corroborating or discrediting testimony.

■■■

The review of a scene by the jury rests within the judge's sound discretion[3] and may be initiated through the judge's own motion or by motion of either party. Be-cause of the similarity in purpose and scope of the jury

---

troversy between the parties when it appears to the court that the view is necessary to a just decision. The moving party shall pay the expenses of the view. The expenses shall afterwards be taxed like other legal costs if the party who incurred them pre-vails in the action."

Sec. 972.06, Stats., provides:

"972.06  View. The court may order a view by the jury."

[2] *See* Wis. J.I.—Criminal, Part I, 152 "View of the Scene."

[3] *Max L. Bloom Co. v. United States C. Co.*, 191 Wis. 524, 529–30, 210 N.W. 689 (1927).

view and a view by the judge, we believe it is proper that the procedures applicable to the jury view be applied to the judge's view of the scene.[4] As it enables the jury, the viewing of the scene by a judge is justified if it enables the judge to better understand, correctly weigh, and assess the respective credibility of the evidence. A view and the facts or information thereby derived must not be considered as evidence independent of that produced in the course of the trial. The correct purpose of the view is to aid the judge to better understand and weigh the evidence, not to obtain new evidence or to independently determine credibility. The judge should consider the sufficiency of the other evidence and the availability of alternatives to viewing the scene. The judge also should be considerate of any expense, delay or inconvenience to the parties. The scene should be approximately or substantially the same as at the time in issue, and if not, the changes should be made a part of the record. The attorneys, a reporter, and the parties if their attorneys request their presence, should be present. We believe the view of the scene may very well aid the judge, sitting as a trier of fact, in understanding and comprehending the evidence submitted during trial as it aids the jury in its comprehension in a view pursuant to secs. 805.08(4) or 972.06, Stats. However, accuracy and reliability may be sacrificed where no procedural safeguards accompany the judge or jury panel's view.

A judge or juror is allowed to consider knowledge or experience attained in the every day affairs of life in making a decision. (*See* Wis. J.I.—Civil, Part I, 215.) If judges have prior knowledge of a physical scene, they

---

[4] There is ample precedent in jury view cases which is applicable by analogy here. *See* Wisconsin Judicial Benchbook, CV 9–1, *Jury Management Problems* (1982), and cases cited therein; *see also State v. Marshall*, 92 Wis. 2d 101, 124, 284 N.W.2d 592 (1979); *State v. Herrington*, 41 Wis. 2d 757, 766, 165 N.W.2d 120 (1969).

may consider that in their decision, but the judges should place the parties on notice that they will be doing this so that the parties may offer proof of the correctness of the scene either by evidence or a view of it.

Because the trial judge in this case viewed the scene of the accident when unrequested, unannounced, unaccompanied and unrecorded, an error of law was committed which entitles the plaintiff to a new trial.

*By the Court.*—The judgment of the circuit court is reversed and the cause is remanded for a new trial.