Jeffrey Lee HARRIS, Plaintiff-Appellant,

v.

Linda REIVITZ, Walter Dickey, and Warren Young, Defendants-Respondents.†

Court of Appeals

*No. 86–0324. Submitted on briefs September 4, 1987.—Decided October 22, 1987.*

(Also reported in 417 N.W.2d 50.)

† Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of Jeffrey Lee Harris, *pro se.*

For the defendants-respondents the cause was submitted on the brief of *Frank D. Remington* and *Lee, Johnson, Kilkelly & Nichol, S.C.,* of Madison.

Before Gartzke, P.J., Dykman and Sundby, JJ.

GARTZKE, P.J.   Jeffrey Lee Harris, an inmate in Waupun Correctional Institution, brought this action against the Secretary of the Department of Health and Social Services, the Superintendent of the Division of Corrections and the warden of Waupun. The case involves administrative regulations and institutional practices regarding money inmates keep in their prison accounts. Harris seeks a judgment under secs. 227.05 and 806.04, Stats. 1983, declaring that Wis. Adm. Code sec. HSS 309.49(3) is unconstitutional "because of the way it is arbitrarily and capriciously enforced," in its application to him, his

84

family and other inmates.[1] Section HSS 309.49(3) provides that an inmate request for a disbursement from his prison account in excess of $25 to more than one close family member and to certain other persons may be made only with written permission of the superintendent or his or her designee.

The trial court granted summary judgment dismissing the complaint and denied Harris's motion for reconsideration. Harris appeals from the order denying his motion for reconsideration. He contends that we should reverse and remand for further proceedings.

We deem the issues to be whether the order denying reconsideration is appealable and whether the trial court lacked subject matter jurisdiction for Harris's failure to serve the joint committee for review of administrative rules under sec. 227.05(5) and for failure to serve the attorney general.[2] We conclude that the order is appealable and that the trial court lacked subject matter jurisdiction for failure to serve the committee. Because the trial court lacked jurisdiction, we lack appellate jurisdiction. We therefore dismiss the appeal.

1. *Appealability and Order on Reconsideration*

The trial court's order granting summary judgment dismissing the complaint was entered on May 2,

---

[1] All references are to the 1983 statutes.

[2] We recognize that the circuit courts possess jurisdiction to entertain all actions and that they are not "competent" to render a valid judgment in those instances when the legislature has not given the court power to proceed. *Mueller v. Brunn,* 105 Wis. 2d 171, 176–78, 313 N.W.2d 790, 792–93 (1982). We refer to the circuit court's "subject matter jurisdiction" throughout this opinion only to avoid possible confusion resulting from the older cases' use of the term.

1985. On May 15, 1985 Harris moved the court to reconsider its order dismissing the complaint. On January 9, 1986 the trial court entered an order denying the motion for reconsideration, and Harris filed his notice of appeal on February 14, 1986.

■ The trial court's order dismissing Harris's complaint was appealable as of right. It disposed of the entire matter in litigation between Harris and the respondents and was therefore appealable as of right. Sec. 808.03(1), Stats.[3]

An order denying a motion to reconsider an earlier order is not necessarily appealable. We said in *La Crosse Trust Co. v. Bluske,* 99 Wis. 2d 427, 429, 299 N.W.2d 302, 303 (Ct. App. 1980).

> The Wisconsin Supreme Court has frequently held that there is no right to appeal from an order or judgment entered on a motion to modify or vacate a judgment where the only issues raised were disposed of in the prior order or judgment. *Ver Hagen v. Gibbons,* 55 Wis. 2d 21, 25, 197 N.W.2d 752, 754 (1972); *Barneveld State Bank v. Petersen,* 68 Wis. 2d 26, 30–31, 227 N.W.2d 690, 692 (1975); *Mack v. Joint School District No. 3,* 92 Wis. 2d 476, 485, 285 N.W.2d 604, 608 (1979). Although this rule can be a trap for the unwary and at times may be harsh, the policy behind the rule is to prevent a party from extending the time to appeal by filing a motion for reconsideration. *Ver Hagen, supra,* at 26, 197 N.W.2d at 755.

---

[3]As an inmate, Harris had 120 days in which to appeal the order. Sec. 808.04(5), Stats. That time had expired when the court denied his motion for reconsideration. His appeal from the order denying the motion was timely.

The rule was most recently approved by the supreme court in *Marsh v. Milwaukee,* 104 Wis. 2d 44, 47–49, 310 N.W.2d 615, 616–17 (1981). The *Marsh* court added that an order denying a motion to reconsider a final order is not subject to a permissive appeal under sec. 808.03(2), Stats., since such an appeal may only be granted in advance of a final judgment or order. *Id.* at 49, 310 N.W.2d at 617.

Although neither Harris nor respondents have argued the appealability of the order denying his petition for reconsideration, if it is not appealable, we lack appellate jurisdiction and must dismiss the appeal for that reason. *Marsh,* 104 Wis. 2d at 49, 310 N.W.2d at 617. We must determine the appealability of the order, even though the issue has not been raised by counsel. *Yeager v. Fenske,* 15 Wis. 2d 572, 573, 113 N.W.2d 411, 412 (1962). We therefore compare the issues raised in Harris's petition for reconsideration with those disposed of in the order dismissing his complaint.[4]

When ruling on respondents' motion for summary judgment, the trial court read Harris's complaint as

---

[4]We take no satisfaction in the fact that by seeking to exhaust his *judicial* remedies after having been faulted for failing to exhaust his *administrative* remedies, Harris lost the right to appeal from the original order dismissing his complaint and ran a substantial risk that he could not appeal from the order on his motion for reconsideration. We note that under the federal rules, if a timely motion is made to alter or amend the judgment, the time for appeal runs from the entry of the order granting or denying the motion. Fed. R. App. P. 4(a)(4). A motion to alter or amend the judgment must be served within ten days after entry. Fed. R. Civ. P. 59(e). Such a provision ameliorates the quandary in which a litigant seeking reconsideration is placed.

"challenging" Wis. Adm. Code sec. HSS 309.49(3) itself.[5] The court dismissed the complaint on the ground that Harris had failed to utilize the administrative review procedures available to him in the inmate complaint review system, Wis. Adm. Code ch. HSS 310.

In his motion for reconsideration, Harris contended that the trial court erred when employing the exhaustion of remedies doctrine because (1) the doctrine is inapplicable to an action for declaratory relief brought under sec. 227.05(1); (2) the inmate complaint review system is ineffective because the division of corrections does not adhere to it; and (3) the United States Attorney General has not certified the inmate complaint review system pursuant to 42 U.S.C. sec. 1997e.

Because the issues Harris raised on reconsideration relate to the exhaustion of remedies doctrine but address new aspects of the doctrine, the question is whether we should strictly or liberally apply the new issues test, for determining whether an order denying reconsideration is appealable. A strict application would bar this appeal.

The new issues test should be liberally applied. By adopting that test, the court in *Ver Hagen v. Gibbons,* 55 Wis. 2d 21, 25, 197 N.W.2d 752, 754–55 (1972) substantially relaxed the prior rule recognized in the cases it relied upon. *Fred Miller B. Co. v. Knebel,* 168 Wis. 587, 171 N.W. 69 (1919); *Hogensen v. Prahl,* 190 Wis. 214, 208 N.W. 867 (1926); and *Kellogg-Citizens*

---

[5]Harris's complaint does not appear to challenge the rule. It challenges the "way it is arbitrarily and capriciously enforced." However, Harris does not contest the trial court's reading of the complaint, and it is too late to raise the issue.

*Nat. Bank v. Francois,* 240 Wis. 432, 3 N.W.2d 686 (1942), all cited by the *Ver Hagen* court, held only that no appeal lies from an order denying relief from a final order or judgment. None of those cases refers to or hints at the existence of a new issues test. Because the *Ver Hagen* test represents a liberalization of appealability rules, we should apply it in that same spirit.

Moreover, a liberal application of the *Ver Hagen* new issues test is consistent with the policy favoring reconsideration. The supreme court encourages litigants to request the trial courts for reconsideration as a method of correcting errors. *Kochel v. Hartford Accident & Indemnity Co.,* 66 Wis. 2d 405, 418, 225 N.W.2d 604, 611 (1975).

Two of the issues Harris raised in his motion for reconsideration are new, even though both relate to the ground the trial court relied on when dismissing his complaint. For the first time Harris claimed that the exhaustion doctrine cannot be applied to an action for declaratory relief brought under sec. 227.05(1), Stats., and cannot be applied in any event since the United States Attorney General had not certified the inmate complaint review system pursuant to 42 U.S.C. sec. 1997e. The trial court impliedly recognized that neither issue had been previously raised, since the court examined each in some detail.

We therefore conclude that the trial court's order denying Harris's motion for reconsideration meets the new issues test established in *Ver Hagen* 55 Wis. 2d at

25, 197 N.W.2d at 754–55.[6] Because the order is appealable, we proceed to the merits of that order.[7]

### 2. *Trial Court's Jurisdiction*

On reconsideration, the trial court rejected Harris's arguments. The court held that it possesses discretion under sec. 227.05(1), Stats., whether to apply the exhaustion doctrine, and reiterated its decision to deny judicial relief. The court held that 42 U.S.C. sec. 1997e applies only to an action brought pursuant to sec. 42 U.S.C. sec. 1983. The court added that since Harris had not shown that he had served the Wisconsin attorney general's office and the joint committee for review of administrative rules, as required under sec. 227.05(1) and (5), Stats., and sec. 801.11(3), Stats., the court lacked jurisdiction to render a declaratory judgment under sec. 227.05. Section 227.05(1), Stats., provides in pertinent part:

> [T]he exclusive means of judicial review of the validity of a rule shall be an action for declaratory judgment as to the validity of such rule brought in the circuit court for Dane county ... A declaratory judgment may be rendered whether or not the plaintiff has first requested the agency to pass upon the validity of the rule in question.

We first discuss the jurisdictional grounds for the trial court's order. If, as we conclude, the court lacked subject matter jurisdiction, all other issues are moot. The other issues are moot because we lack appellate jurisdiction if the trial court lacked jurisdiction. *State*

---

[6]Our analysis does not reach the question whether a new issue *sua sponte* raised and decided by the trial court, as here, makes an order denying reconsideration appealable.

[7]We emphasize that the merits of the original order are *not* before us. Harris has not appealed that order.

*v. Malone,* 136 Wis. 2d 250, 260–61, 401 N.W.2d 563, 567 (1987). An appellate court's lack of subject matter jurisdiction cannot be waived. *Id.* at 261, 401 N.W.2d at 567.

Harris contends that the trial court erred by holding *sua sponte* that it lacked personal jurisdiction, a defense which respondents waived by failure to assert either by pleading or motion. Sec. 802.06(8)(a), Stats.

Respondents assert that the trial court's comments regarding jurisdiction may be ignored as mere dicta since the court had already disposed of the case on exhaustion grounds. We immediately jettison respondents' argument. We cannot ignore a trial court's ruling that it lacks subject matter jurisdiction.

The trial court said only that it lacked jurisdiction to render a declaratory judgment under sec. 227.05, Stats., without distinguishing between personal and subject matter jurisdiction. We repeat: subject matter jurisdiction cannot be waived. *Wis. Environmental Decade v. Public Service Comm.,* 84 Wis. 2d 504, 515, 267 N.W.2d 609, 616 (1978).

So far as is pertinent, secs. 227.05(5) and 806.04(11), Stats., contain similar language. Section 227.05(5) provides, "The joint committee for review of administrative rules shall be served with a copy of the petition in any action under this section . . . ." Section 806.04(11), provides, "If a statute, ordinance or franchise is alleged to be unconstitutional, the attorney general shall also be served with a copy of the proceeding . . .," and in a proceeding in which the constitutionality of certain statutes is put in issue, "the joint committee for review of administrative rules shall be served with a copy of the petition . . . ."

Although no case has held whether failure to serve the joint committee, as sec. 806.04(11), Stats., requires, deprives a trial court of subject matter jurisdiction, several cases have held that failure to serve the attorney general has that effect when the constitutionality of a statute or an ordinance is attacked under sec. 806.04 (11).[8] *O'Connell v. Bd. of Ed., Jt. Dist. #10,* 82 Wis. 2d 728, 734–35, 264 N.W.2d 561, 564 (1978); *Town of Center v. City of Appleton,* 70 Wis. 2d 666, 668–69, 235 N.W.2d 504, 505 (1975); *Bollhoffer v. Wolke,* 66 Wis. 2d 141, 143–44, 223 N.W.2d 902, 903 (1974).

Several reasons have been offered for those holdings. One reason is that "[b]ecause the declaratory action itself is a creature of statute, the maintenance of a declaratory action requires strict compliance with sec. 806.04." *In Matter of Estate of Fessler,* 100 Wis. 2d 437, 444, 302 N.W.2d 414, 418 (1981). The *O'Connell* court said that "because the declaratory judgment action is a creature of statute, this requirement must be strictly complied with in order to vest subject matter jurisdiction in the courts." 82 Wis. 2d at 735, 264 N.W.2d at 564.

██

We apply the reasoning of the *Fessler* and *O'Connell* courts to sec. 227.05, Stats. An action for declaratory judgment as to the validity of an administrative rule is also a creature of that statute. Consequently, strict compliance with the procedural requirement of the statute is required, and failure to comply prevented the trial court form acquiring

---

[8]The effect of failing to serve the joint committee was an issue in *J. F. Ahern Co. v. Building Commission,* 114 Wis. 2d 69, 78–80, 336 N.W.2d 679, 684–85 (Ct. App. 1983), but we did not reach it.

jurisdiction. *Fessler,* 100 Wis. 2d at 443–44, 302 N.W.2d at 417–18; *O'Connell,* 82 Wis. 2d at 733, 264 N.W.2d at 563.

■

Because it is undisputed that the joint committee for review of administrative rules was not served with a copy of the petition, as sec. 227.05(5) requires, we conclude that the trial court lacked jurisdiction. We therefore lack appellate jurisdiction. *Malone,* 136 Wis. 2d at 261, 401 N.W.2d at 567. The appeal must be dismissed.[9]

*By the Court.*—Appeal dismissed.

DYKMAN, J. (*concurring*). The lead opinion addresses two issues involving jurisdiction, and concludes that the trial court lacked jurisdiction because Harris did not serve a copy of his petition on the joint committee for review of administrative rules. Though we are required to inquire into our jurisdiction *sua sponte,* we have done so, and have concluded that we have no jurisdiction, because the trial court had none. Notwithstanding our lack of jurisdiction to consider whether to overrule the *Ver Hagen* rule,[1] the lead opinion nonetheless addresses this issue. To make matters worse, we have been given no assistance on this issue because the parties have neither briefed nor argued it.

The lead opinion addresses only one side of the *Ver Hagen* issue, and fails to consider the reasons for

---

[9]Having reached that conclusion on the basis of Harris's failure to serve the committee, we do not reach the effect of his failure to serve the attorney general as provided in sec. 801.11(3), Stats., as sec. 227.05(1), Stats., requires.

[1]*Ver Hagen v. Gibbons,* 55 Wis. 2d 21, 25, 197 N.W.2d 752, 745–55 (1972).

the rule or the uncertainty its new rule will create for appellate litigants. It offers no explanation for its decision to issue what is at best dicta. *See American Family Mut. Ins. Co. v. Shannon,* 120 Wis. 2d 560, 565, 356 N.W.2d 175, 178 (1984) ("A dictum is a statement not addressed to the question before the court or necessary for its decision."). Nonetheless, because my jurisdiction is also lacking, I cannot address the question the lead opinion has discussed.