PER CURIAM.
¶1 Mark Kuckuk and Catherine Kuckuk were divorced in 2011, and the Green County Circuit Court entered post-divorce orders on March 14, 2017, and May 9, 2017, that are the subjects of this appeal.[1] The March 14, 2017 order refers to three separate subjects. We conclude that Mark has failed to develop arguments regarding two of those subjects, and this court lacks jurisdiction over the third subject of that order. For those reasons, we affirm the circuit court's order entered on March 14, 2017. The May 9, 2017 order increased Mark's maintenance obligation, and Mark appeals only that portion of the order. We conclude that the circuit court erroneously exercised its discretion in increasing Mark's maintenance obligation and reverse the circuit court's May 9, 2017 order.
BACKGROUND
¶2 The following facts are gleaned from the record and are not disputed.
¶3 In 2011, a judgment of divorce was granted to Mark and Catherine. In 2015, Catherine filed a motion requesting, in part, an increase in maintenance payments from Mark. Later in 2015, in ruling on Catherine's motion, the circuit court made findings of fact regarding Mark's income and affirmed the previously-ordered amount of maintenance ($ 750.00 per month), so long as Catherine continued to receive SSI payments.
¶4 In 2016, Mark filed a motion requesting a reduction in child support based on an alleged change in his employment and income. Catherine served Mark with discovery requests regarding Mark's financial circumstances. In early January 2017, Catherine filed a motion to compel discovery and a motion for sanctions based on Mark's alleged failure to produce the requested information.
¶5 On January 11, 2017, the circuit court granted Catherine's motion and, based on findings of discovery violations and as a sanction, prohibited Mark from introducing evidence regarding his income at the upcoming hearing on Mark's motion to revise child support. The circuit court entered an order to that effect on January 20, 2017.
¶6 Between the oral ruling and entry of the order, on January 16, 2017, Mark filed a motion to reconsider those sanctions. On January 20, 2017, the circuit court held a hearing concerning, among other subjects, Mark's motion to reconsider. On February 9, 2017, the circuit court made an oral ruling denying Mark's motion to reconsider the sanctions and also denying Mark's motion to revise child support. On the same day, the circuit court ruled on other pending motions and, pertinent to this appeal, ordered that Mark pay guardian ad litem fees, expert fees, and attorney fees regarding a previous child physical custody dispute between the parties. On March 14, 2017, the circuit court entered an order reflecting the court's rulings from the hearings of January 20, 2017, and February 9, 2017.
¶7 Later in 2017, Catherine filed a motion requesting an increase in maintenance payments. On April 28, 2017, the circuit court held a hearing on Catherine's motion. Neither Mark nor his counsel appeared at the hearing. Without taking evidence, the circuit court granted Catherine's motion and increased Mark's maintenance obligation from $ 750 per month to $ 8,083 per month, as reflected in the order entered on May 9, 2017.
¶8 On June 9, 2017, Mark filed a notice of appeal.
¶9 We refer to additional facts in the following Discussion.
DISCUSSION
¶10 We consider, first, the circuit court's order of March 14, 2017, and explain why we affirm that order. Second, we discuss the May 9, 2017 order and explain why we conclude that the circuit court erroneously exercised its discretion in increasing maintenance, and we reverse that order.
I. Order Entered on March 14, 2017.
¶11 The March 14, 2017 order reflects: a denial of Mark's motion to revise child support; an award of fees and expenses to Catherine; and a denial of Mark's motion to reconsider sanctions imposed for his failure to comply with discovery requests. We address each subject in turn.
A. Child Support.
¶12 In briefing in this court, Mark claims to appeal from the portion of the March 14, 2017 order that denied his motion to revise child support. But, Mark never states what he is challenging about this order or the basis for the challenge. We may not develop an argument for him, and we do not discuss further that portion of the March 14, 2017 order. Madely v. RadioShack Corp. , 2007 WI App 244, ¶22 n.8, 306 Wis. 2d 312, 742 N.W.2d 559 (court of appeals need not consider undeveloped arguments).
B. Guardian Ad Litem Fees, Expert Fees, and Attorney Fees.
¶13 Mark also claims to appeal the portions of the circuit court's March 14, 2017 order that call for Mark to pay guardian ad litem fees, expert fees, and attorney fees for Catherine's attorney, related to a previous child physical placement dispute. However, again, Mark does not develop any argument regarding why the circuit court's decision should be reversed and cites no authority in support of his position. We will not develop arguments for a party, and we will not discuss further that portion of the March 14, 2017 order. Id.
C. Motion to Reconsider.
¶14 Pertinent to this part of our discussion, the March 14, 2017 order denied Mark's motion to reconsider the circuit court's order entered on January 20, 2017, that granted sanctions against Mark for failure to provide discovery and prohibited Mark from introducing evidence regarding his income at a hearing on a motion to revise child support. But, Mark's briefing in this court challenges only the order for sanctions entered on January 20, 2017, rather than the March 14, 2017 order denying the motion to reconsider. A notice of appeal must "sufficiently identify the order being appealed from." State v. Baldwin , 2010 WI App 162, ¶61, 330 Wis. 2d 500, 794 N.W.2d 769. Mark did not mention the January 20, 2017 order in his notice of appeal, so that order is not a subject of this appeal. See WIS. STAT. RULE 809.10(1)(b)2. In addition, pursuant to WIS. STAT. § 808.04(1), Mark had 90 days from the entry of the January 20, 2017 order to file a notice of appeal regarding that order. Because the notice of appeal was filed on June 9, 2017, Mark failed to do so. For those reasons, this court does not have jurisdiction over Mark's attempt to appeal the sanctions order entered on January 20, 2017. See § 808.04(1) and RULE 809.10(1)(e).
¶15 Further, this court lacks jurisdiction to consider an appeal of an order denying a motion to reconsider that presented the circuit court with the same issues that were disposed of by the original order. See Ver Hagen v. Gibbons , 55 Wis. 2d 21, 26, 197 N.W.2d 752 (1972) (a motion to reconsider "must present issues other than those determined by the order or judgment for which review is requested in order to appeal from the order entered on the motion for reconsideration"); see also Silverton Enterprises, Inc. v. General Cas. Co. of Wisconsin , 143 Wis. 2d 661, 665, 422 N.W.2d 154 (Ct. App. 1988). To resolve this jurisdictional issue, we apply what Wisconsin courts have referred to as the "new issues test," under which we compare the issues raised in the motion to reconsider with the issues disposed of in the original decision and order, and address only new issues, if any. See Harris v. Reivitz , 142 Wis. 2d 82, 87-88, 417 N.W.2d 50 (Ct. App. 1987). We are to apply the test "liberally," meaning in favor of concluding that we have jurisdiction in close call situations. See id. at 88.
¶16 Applying this standard, we conclude that we lack jurisdiction over the court's order that denied Mark's motion to reconsider because this is not a close call. At no point does Mark raise in his briefing in this court any "new issue" regarding the appeal of the motion to reconsider as compared to issues which were part of the order for sanctions.
¶17 For those reasons, we affirm the circuit court's order of March 14, 2017.
II. Revision of Maintenance Order.
¶18 Mark argues that the circuit court erroneously exercised its discretion at the April 28, 2017 hearing by increasing his maintenance obligation from $ 750 per month to $ 8,083 per month. We agree and reverse the circuit court's order.
¶19 WISCONSIN STAT. § 767.59 allows for subsequent revisions of maintenance orders. Sec. 767.59. "In order to modify a maintenance award, the party seeking modification must demonstrate that there has been a substantial change in circumstances warranting the proposed modification." Rohde-Giovanni v. Baumgart , 2004 WI 27, ¶30, 269 Wis. 2d 598, 676 N.W.2d 452 ; see also § 767.59(1f)(a). "[T]he focus should be on any financial changes the parties have experienced." Rohde-Giovanni , 269 Wis. 2d 598, ¶30. During any maintenance modification proceeding subsequent to the original judgment, "the appropriate comparison regarding any change in the parties' financial circumstances is to the set of facts that existed at the time of the most recent maintenance order." Kenyon v. Kenyon , 2004 WI 147, ¶21, 277 Wis. 2d 47, 690 N.W.2d 251.
¶20 "We will not disturb the circuit court's decision regarding maintenance unless the award represents an erroneous exercise of discretion." Rohde-Giovanni , 269 Wis. 2d 598, ¶17. "A circuit court engages in an erroneous exercise of discretion when it fails to consider relevant factors, bases its award on factual errors, makes an error of law, or grants an excessive or inadequate award." Id. , ¶18.
¶21 We conclude that the circuit court erroneously exercised its discretion in granting Catherine's motion to increase maintenance because, at the April 28, 2017 hearing, the circuit court did not find that a substantial change of economic circumstances had occurred since the most recent maintenance order of June 2015. The circuit court found that Mark's income had not changed because nothing in the record evidenced a change. Moreover, Catherine did not demonstrate that a substantial change had occurred to warrant the proposed modification at the April 28, 2017 hearing because there was no presentation of evidence at the April 28, 2017 hearing.
¶22 In her brief in this court, Catherine argues that the circuit court implicitly took into consideration assertions made in the brief she filed in the circuit court before the April 28, 2017 hearing.[2] In that brief, Catherine alleged that she had by that time developed a permanent disability, become completely disabled, and cannot work. However, the record does not demonstrate that the circuit court, implicitly or otherwise, took those assertions into consideration. Rather, the circuit court stated the following, pertinent to the motion to revise maintenance: "I'm going to grant your motion as to the amount of the maintenance ... because it's not being opposed." The circuit court did not make any other statements, or engage in any fact finding, regarding maintenance.
¶23 The increase was sizable, which certainly implies that the circuit court believed that there was a basis for an increase. Also, we acknowledge any frustration of the circuit court based on Marks's failure to appear at the April 28, 2017 hearing. However, we are not allowed to find facts or exercise discretion in the first instance; these are for the circuit court alone.
¶24 The circuit court's written order granting Catherine's motion to revise maintenance contains no indication of a basis for finding that a substantial change had occurred in either party's financial circumstances. To the contrary, the written order stated that "[t]he Court finds that the petitioner's annual income continues to be $ 198,916.00, and the judgment of divorce is revised to require [Mark] to pay maintenance to [Catherine] ... in the sum of $ 8,083.00 per month." (Emphasis added.)
¶25 Moreover, even if the circuit court had found that a substantial change had occurred, the circuit court was required to consider applicable statutory factors for revising maintenance. Rohde-Giovanni , 269 Wis. 2d 598, ¶¶27-31 ; Poindexter v. Poindexter , 142 Wis. 2d 517, 531-32, 419 N.W.2d 223 (1988) ; WIS. STAT. § 767.56(1c) (listing factors to consider for granting maintenance). No consideration of those factors by the circuit court is demonstrated in the record.
¶26 Accordingly, we conclude that the circuit court erroneously exercised its discretion when it granted Catherine's motion to revise maintenance, and we reverse the May 9, 2017 order of the circuit court.[3]
CONCLUSION
¶27 For the foregoing reasons, the orders of the circuit court are affirmed in part and reversed in part.
By the Court. -Orders affirmed in part and reversed in part.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

For clarity and ease of reference, we will refer to the parties by their first names.
Mark's notice of appeal states that he appeals from an oral ruling made by the circuit court on April 28, 2017. The order from that hearing was entered on May 9, 2017. We refer to the order entered on May 9, 2017, because an appeal is taken from an order entered with the clerk of court rather than an oral ruling by the circuit court. See Wis. Stat. §§ 806.06(1)(b), 808.03(1)(a), and 808.04(1) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Apart from this short argument, Catherine provides no cogent explanation as to why we should conclude that there was a basis for the circuit court to find that a substantial change occurred which supports an increase of maintenance.

The parties and the guardian ad litem in their briefing address the issue of whether the circuit court erroneously exercised its discretion in denying Mark's motion to reconsider and for relief from the order concerning the circuit court's oral ruling at the April 28, 2017 hearing. The circuit court entered its order denying that motion on June 12, 2017. We have searched the record and found no indication that Mark appealed from the June 12, 2017 order. In fact, the notice of appeal was filed three days prior to the entry of the circuit court's order. Also, our resolution of the maintenance order renders moot Mark's motion for reconsideration and relief from that order.