STATE of Wisconsin, Plaintiff-Appellant-Petitioner,

v.

Larry G. EDWARDS, Defendant-Respondent.

Supreme Court

*No. 01–3352–CR. Oral argument March 5, 2003.—Decided June 27, 2003.*

2003 WI 68

(Also reported in 665 N.W.2d 136.)

For the plaintiff-appellant-petitioner the cause was argued by *Michael R. Klos,* assistant attorney general, with whom on the briefs was *Peggy A. Lautenschlager,* attorney general.

For the defendant-respondent there was a brief and oral argument by *Martha K. Askins,* assistant state public defender.

¶ 1. WILLIAM A. BABLITCH, J. The State of Wisconsin (State) petitions this court to review an order of the court of appeals that dismissed the State's appeal. *State v. Edwards,* No. 01–3352–CR, unpublished order (Wis. Ct. App. Mar. 8, 2002). The circuit court had dismissed a criminal action on the grounds that the State had not brought its case against Larry Edwards (Edwards) for trial within the statutory time limit. The State then filed a motion for reconsideration with the circuit court, requesting that the court specify whether its dismissal was with or without prejudice. The circuit court denied the motion for reconsideration, ruling that its original judgment was with prejudice. The State appealed the denial of its motion for reconsideration. The court of appeals dismissed the appeal on the

ground that the State's motion for reconsideration did not raise a "new issue" that was distinct from the original judgment because the original judgment was necessarily with prejudice. We respectfully disagree. We conclude that the State raised a "new issue" in its motion for reconsideration because the circuit court did not clearly dispose of whether the dismissal was with prejudice in its original judgment. Accordingly, we reverse the order of the court of appeals and remand to the court of appeals for proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

¶ 2. On October 4, 2000, Edwards, who was incarcerated in the Wisconsin prison system, was charged with one count of substantial battery and one count of intimidating a victim in violation of Wis. Stat. §§ 940.19(3) and 940.45(3) (1999–2000).[1] On November 14, 2000, Edwards signed a request for a prompt disposition of the charges against him under Wis. Stat. § 971.11(2), which is entitled "Prompt disposition of intrastate detainers." Under § 971.11, an inmate may request a prompt disposition of an untried criminal case by sending a written request to the district attorney. If an inmate requests a speedy disposition under the statute, the "district attorney shall bring the case on for trial within 120 days after receipt of the request . . . ." § 971.11(2). Furthermore, if the "district attorney moves to dismiss any pending case or if it is not brought on for trial within the time specified in sub. (2) or (3) the case shall be dismissed . . . ." § 971.11(7).

¶ 3. On August 23, 2001, Edwards moved to dismiss the charges based on the State's failure to com-

---

[1] All references to the Wisconsin Statues are to the 1999–2000 version unless otherwise indicated.

mence a trial. On September 5, 2001, the circuit court for Racine County, Judge Stephen Simanek presiding, held a hearing on Edwards' motion. The circuit court found that the State had not received Edwards' request for a prompt disposition because it had been apparently lost in the mail. Consequently, the circuit court found neither Edwards nor the State at fault:

> I don't know if the U.S. Postal Service is the one who screwed up here, but I do know that Mr. Edwards did nothing wrong. He did what he was required to do. And the State, of course, did nothing wrong. The District Attorney's Office [was not in the wrong], because they did not know what his [Edwards'] request was.

The circuit court acknowledged that the 120 days does not begin to run under Wis. Stat. § 971.11(2) until "receipt" of the request; however, the court concluded that if this was the case, then "the purpose of the statute is nullified" because the State would essentially have "forever to pursue the matter." Consequently, the circuit court granted Edwards' motion, and "order[ed] that 00–CF-0836 be dismissed for noncompliance under 971.11."

¶ 4. On October 9, 2001, the State filed a motion for reconsideration, stating, in part, that "[t]he Court did not specify whether the dismissal was with prejudice or without prejudice consistent with the ruling in *State v. Davis,* 242 Wis. 2d 344, 354 (Ct. App. 2001)."[2]

---

[2] Wisconsin Stat. § 808.04(4) provides that "an appeal by the state . . . shall be initiated within 45 days of entry of the judgment or order appealed from." Wis. Stat. § 808.04(4). We note that there is no evidence that the State attempted to use a motion for reconsideration as a stalling technique to extend its time to appeal. The State filed its motion for reconsideration well before expiration of the 45–day time limit for appeal.

On October 23, 2001, the circuit court held a hearing on the State's motion for reconsideration. The circuit court framed the dilemma as "what do you do in a situation where neither side is at fault?" and ultimately decided that the onus should be on the State rather than Edwards. In denying the State's motion for reconsideration, the circuit court reasoned as follows:

> The State did nothing wrong here. Their requirement to act is triggered by receipt of something they never received. But if the Court were to allow the dismissal to be without prejudice, they would have essentially forever to pursue Mr. Edwards.
>
> In light of that, I think it makes no sense to dismiss without prejudice because it eliminates any remedy, any possible remedy for Mr. Edwards.
>
> I will, therefore, having failed to state with specificity back in September, will state at this point that the Court's dismissal pursuant to 971.11(7) is with prejudice. Any other way to look at this or handle this would leave the defendant with a right without a remedy.

¶ 5. The State appealed the circuit court's order denying its motion for reconsideration on December 6, 2001. On December 21, 2001, the court of appeals requested that the parties submit memoranda addressing whether it had jurisdiction over the appeal, and the parties submitted the requested memoranda. The court of appeals concluded that it did not have jurisdiction over the appeal because "[n]o right to appeal exists from a motion for reconsideration which presents the same issues as those determined in the order or judgment sought to be reconsidered." (citing *Silverton Enterprises v. Gen. Cas.*, 143 Wis. 2d 661, 665, 422 N.W.2d 154 (Ct. App. 1988; *Ver Hagen v. Gibbons*, 55 Wis. 2d 21, 26, 197 N.W.2d 752 (1972)). The court of appeals reasoned:

The trial court dismissed because the State failed to comply with the speedy disposition requirements of the statute. There would be no sanctions for delays by the State if such a dismissal could be without prejudice. We conclude that the very character of the dismissal, as well the language of the circuit court at the time it dismissed the matter, establish that the dismissal was with prejudice. Since the dismissal *must be presumed to have been with prejudice,* the motion for reconsideration did not present a new issue.

*Edwards,* No. 01–3352–CR, unpublished order (emphasis added).

¶ 6. The State petitioned this court for review of whether the court of appeals erred when it concluded that it did not have jurisdiction to hear the State's appeal from the circuit court's order denying the motion for reconsideration. This court granted the State's petition for review on September 26, 2002.

## ANALYSIS

¶ 7. Whether the court of appeals erred in concluding that it did not have jurisdiction to hear the State's appeal on the basis that the State's motion for reconsideration did not raise a "new issue" presents a question of law that this court reviews de novo.

¶ 8. Neither party disputes that "[n]o right of appeal exists from an order denying a motion to reconsider which presents the same issues as those determined in the order or judgment sought to be reconsidered." *Silverton Enterprises,* 143 Wis. 2d at 665 (citing *Marsh v. Milwaukee,* 104 Wis. 2d 44, 46, 310 N.W.2d 615 (1981); *Ver Hagen,* 55 Wis. 2d at 26). In other words, an "order is not appealable where . . . the only issues raised

453

by the motion were *disposed of* by the original judgment or order." *Ver Hagen,* 55 Wis. 2d at 25 (emphasis added). We have stated that in order for a judgment to be final it must "dispose of the *entire matter* in litigation." *Marsh,* 104 Wis. 2d at 48 (emphasis added). Thus, we focus on the narrow issue of whether the State's motion for reconsideration, which requested that the circuit court address whether the dismissal was with prejudice, raised a "new issue" that was "not disposed of by the original order [or judgment]." *Barneveld State Bank v. Petersen,* 68 Wis. 2d 26, 30, 227 N.W.2d 690 (1975).

¶ 9. Edwards claims that no new issue was raised in the State's motion for reconsideration because the motion merely asked for clarification, and it can be inferred from the transcript of the September 5, 2001 hearing that the circuit court intended to dismiss with prejudice. In contrast, the State argues that its motion for reconsideration presented a new issue because the circuit court had not ruled in the September 5, 2001 hearing whether its order was with prejudice. Thus, the motion for reconsideration asked the circuit court to exercise its discretion to determine whether the dismissal was with prejudice.

¶ 10. At the September 5, 2001 hearing, the circuit court did not state whether the dismissal was with prejudice. There is no argument as to whether this issue was explicitly disposed of at the September 5th hearing—it was not. Rather, the dispute pertains to whether it was implicitly disposed of in the original judgment. Although Edwards points to language from the September 5th hearing to support his contention that the original judgment was dismissed with prejudice, we are not persuaded.

¶ 11. At the September 5th hearing, the circuit court stated that "[t]he purpose of the statute is to

expedite these things. They were not expedited. Consequences are, he walks. Motion granted." Edwards argues that these statements make clear that the circuit court was dismissing the action with prejudice—we are not convinced. "He walks" could mean forever; it could also mean until he is recharged. The circuit court's decision needed clarification. Furthermore, as evidenced by the State's request in its motion for reconsideration, it was obviously *not* clear to the State whether the dismissal was with prejudice. Although in some cases it may be clear that a circuit court is implicitly dismissing an action with prejudice, the record in this case does not support this level of certainty.

¶ 12. In addition, we note that the court of appeals has liberally applied the "new issues" test for determining whether an order denying reconsideration is appealable. *Harris v. Reivitz,* 142 Wis. 2d 82, 88, 417 N.W.2d 50 (Ct. App. 1987). In *Harris,* the court of appeals concluded that the test should be liberally applied based on this court's liberalization of appealability in adopting the "new issues" test in *Ver Hagen. Id.* The court also reasoned that "a liberal application of the *Ver Hagen* new issues test is consistent with the policy favoring reconsideration. The supreme court encourages litigants to request the trial courts for reconsideration as a method of correcting errors." *Id.* at 89 (citing *Kochel v. Hartford Accident & Indem. Co.,* 66 Wis. 2d 405, 418, 225 N.W.2d 604 (1975)).

¶ 13. In sum, based on our review of the transcripts of the circuit court's hearings on September 5, 2001 and October 23, 2001, we conclude that the State's motion for reconsideration raised a new issue, and is therefore appealable. The State's motion for reconsideration requested that the circuit court specify whether

the dismissal was with or without prejudice. It was not clear from the September 5th hearing whether the dismissal was with prejudice; consequently, the issue was not "disposed of" in the original judgment. Only after the October 23, 2001 hearing on the State's motion for reconsideration was it clear that the dismissal was with prejudice. Therefore, since the motion for reconsideration raised a new issue, the State may appeal the denial of its motion for reconsideration to the court of appeals. Accordingly, we reverse the order of the court of appeals and remand for proceedings consistent with this opinion.

*By the Court.*—The order of the court of appeals is reversed, and the cause remanded to the court of appeals.