COURT OF APPEALS
DECISION
DATED AND FILED

March 4, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP802-CR**

Cir. Ct. No. 2007CF3217

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JERMAINE J. FUNCHES,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: MILTON L. CHILDS, SR., Judge. *Dismissed*.

Before White, C.J., Geenen and Colón, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   Jermaine J. Funches, *pro se*, appeals from an order of the circuit court that denied his motion for reconsideration.   We dismiss the appeal for lack of jurisdiction.

¶2    In 2007, Funches was sentenced to eight years of initial confinement and eight years of extended supervision for an armed robbery conviction.[1]  He was released to extended supervision in September 2015.  In July 2021, he violated the terms of his release.  In January 2022, Funches' extended supervision was revoked and he was ordered reconfined for five years.

¶3    In December 2022, Funches filed a petition for sentence modification based on a purported new factor.  He asserted that he should have been informed at the time of sentencing "that the department can also forfeit this lawfully served compliant time without due process of law" and claimed that he was entitled to sentence credit for the time he spent on extended supervision.  The circuit court discerned Funches to be arguing that "he was not informed that he could be reconfined for the time remaining on his sentence without credit for the time he spent on extended supervision," and denied the motion on January 4, 2023, after concluding there was no new factor.[2]

_____

[1] Funches was sentenced by the Honorable William Sosnay.

[2] The circuit court also noted that if Funches was claiming that the circuit court had a duty to advise Funches about bifurcated sentence structure and failed to do so, that claim was waived by prior postconviction litigation; the revocation consequences of which Funches complains are prescribed by law, *see* WIS. STAT. § 302.113(9)(am) (2023-24); and if Funches was complaining about actions of the Department of Corrections, the postconviction court was the wrong forum for review.

All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted.

¶4      In March 2023, Funches moved for reconsideration, again claiming that the sentencing court "failed to adequately explain … [that] the discharge date of his bifurcated sentence [could] be extended" if his supervision were revoked. Funches further claimed that the sentencing court "commit[ted] procedural error" by not adequately explaining both components of a bifurcated sentence.[3]  The circuit court denied reconsideration in an order dated March 22, 2023.  It said that the sentencing court had fulfilled its duty to explain bifurcated sentences when it provided Funches with a "Written Explanation of Determinate Sentence" form and, to the extent that Funches was claiming that the sentencing court erroneously exercised its sentencing discretion, that argument was untimely under WIS. STAT. § 973.19 and WIS. STAT. RULE 809.30.

¶5      Funches filed a notice of appeal on May 8, 2023.  By order dated June 7, 2023, we noted that, because the notice of appeal had not been filed within ninety days of the decision, the notice did not appear to be timely as to the January 4, 2023 order.  Assuming that to be true, we then questioned whether we had jurisdiction over the appeal from the March 22, 2023 order because an appeal cannot be taken from an order denying a motion for reconsideration that presents the same issues as those determined in the order sought to be reconsidered.  *See Silverton Enters., Inc. v. General Cas. Co.*, 143 Wis. 2d 661, 665, 422 N.W.2d 154 (Ct. App. 1988).  We thus directed the parties to "address as the first issue in their appellate briefs whether this court has jurisdiction to review the March 22, 2023 order."

---

[3] Funches also argued that the circuit court "erroneously ruled that Funches missed the deadline to move for modification of his sentence under the 90 ninety-day time limits set out in [WIS. STAT. §] 973.19."  However, the circuit court's January 4, 2023 order does not mention any time limits, much less the specific limit for sentence modification under § 973.19.

¶6      In his opening brief, Funches states simply that he does not know how to make a jurisdictional argument. In its response, the State argues that this court has no jurisdiction because Funches' reconsideration motion raised no new issues. In his reply, Funches argues that the circuit court introduced a new issue when it denied his modification motion as procedurally barred, and he moved for reconsideration to address that issue.

¶7      Neither party disputes that there is no right of appeal "from an order denying a motion to reconsider which presents the same issues as those determined in the order or judgment sought to be reconsidered." *Id.* In other words, an order "is not appealable where … the only issues raised by the motion were disposed of by the original judgment or order." *Ver Hagen v. Gibbons*, 55 Wis. 2d 21, 25, 197 N.W.2d 752 (1972). Thus, we focus on the narrow issue of whether the motion for reconsideration raised a new issue that was not disposed of by the original order. *See Barneveld State Bank v. Petersen*, 68 Wis. 2d 26, 30, 227 N.W.2d 690 (1975). We liberally apply the "new issues" test to determine whether an order denying reconsideration is appealable. *See State v. Edwards*, 2003 WI 68, ¶12, 262 Wis. 2d 448, 665 N.W.2d 136.

¶8      Funches originally moved for sentence modification, claiming a new factor; specifically, he claimed the court failed to orally explain bifurcated sentences to him at the sentencing hearing. Despite shifting strategy from "new factor" to "erroneous exercise of discretion," Funches' motion for reconsideration still argues that the bifurcated sentence structure was not properly explained to

him at sentencing. The issue is the same in both motions. We therefore have no jurisdiction over the appeal of the order denying reconsideration.[4]

*By the Court.*—Appeal dismissed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[4] We do note, however, that the circuit court properly explained to Funches that the required explanation of bifurcated sentences "shall be given in writing." *See* WIS. STAT. § 973.01(8). Funches does not dispute receiving a written explanation.