COURT OF APPEALS
DECISION
DATED AND FILED

June 3, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2024AP1497-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2014CF4879

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

　　　　PLAINTIFF-RESPONDENT,

　V.

BENNY E. BURGOS,

　　　　DEFENDANT-APPELLANT.

　　　　APPEAL from an order of the circuit court for Milwaukee County: PAUL R. VAN GRUNSVEN, Judge. *Reversed and cause remanded with directions*.

　　　　Before Donald, P.J., Geenen, and Colón, JJ.

¶1    COLÓN, J.  Benny E. Burgos appeals from an order of the circuit court denying his motion requesting his release to extended supervision after his completion of the Wisconsin Substance Abuse Program (SAP).[1]   On appeal, Burgos argues that we have jurisdiction over his appeal despite two prior orders of the circuit court issued in response to letters from the Department of Corrections (DOC) notifying the circuit court of Burgos's successful completion of SAP.  Burgos additionally argues that, should we conclude that we have jurisdiction, the circuit court erroneously denied his motion requesting his release to extended supervision.  For the reasons set forth below, we agree.  Therefore, we reverse the circuit court's order, and we remand with directions to enter an order consistent with this opinion.

## BACKGROUND

¶2    In 2015, Burgos pled guilty to a charge of conspiracy to commit possession with intent to deliver heroin as a second or subsequent offense and an additional charge of possessing a firearm as a felon, and he was sentenced to prison the following year in April 2016.  As part of Burgos's original sentence imposed in April 2016, the circuit court made Burgos eligible for participation in SAP.  Thus, during Burgos's term of initial confinement, Burgos enrolled in SAP.

¶3    In September 2020, Burgos successfully completed the program, and he was released to extended supervision.  However, his extended supervision was

---

[1]  SAP was formerly known as the Earned Release Program (ERP).  Effective August 3, 2011, the legislature renamed the program.  *See* 2011 Wis. Act 38, § 19; WIS. STAT. § 991.11 (2023-24).  The program is identified by both names in the current version of the Wisconsin Statutes.  *See* WIS. STAT. §§ 302.05, 973.01(3g).  We refer to the program as SAP.  All references to the Wisconsin Statutes are to the 2023-24 version.

2

subsequently revoked, and he returned to prison in June 2022. At the time that Burgos returned to prison, the Division of Hearings and Appeals (DHA) ordered Burgos to a period of reconfinement of 5 years, 3 months, and 17 days. As a result of a change in DOC policy allowing inmates to participate in SAP more than once, Burgos re-enrolled in SAP, and he completed the program for a second time in December 2023.

¶4      By letter dated December 29, 2023, DOC notified the circuit court of Burgos's successful completion of SAP for the second time. DOC requested that Burgos be released and the remainder of Burgos's sentence be converted to extended supervision. *See* WIS. STAT. § 302.05(3)(c). Citing to WIS. STAT. § 302.113(9)(b), the circuit court found that Burgos was required to serve the entire period of reconfinement ordered by DHA following the revocation of Burgos's extended supervision, and therefore, the circuit court denied Burgos's release to extended supervision.

¶5      DOC subsequently asked the circuit court to reconsider its decision by letter dated January 8, 2024. In the letter, DOC informed the circuit court of the change in DOC policy that allowed inmates, such as Burgos, to enroll in SAP more than once. DOC did not address the circuit court's statutory basis for denying DOC's original request.

¶6      In an order dated January 26, 2024, the circuit court again denied Burgos's release to extended supervision, and the circuit court again found that the plain meaning of WIS. STAT. § 302.113(9)(b) required that Burgos serve the entire period of reconfinement ordered by DHA. In its order, the circuit court also noted

3

that DOC's letter "was not served on the parties and does not address the court's reasons for declining the proposed orders for release."[2]  In fact, the circuit court appears to have entered the DOC's letter into the record on January 26, 2024, at the time that the circuit court issued its order.

¶7       Several months later, on June 26, 2024, Burgos, through counsel, filed his own motion—titled Motion to Reconsider and Reverse Order—requesting his release to extended supervision based on his successful completion of SAP.  In support of his motion, Burgos cited the circuit court's intention to make Burgos eligible for SAP in the sentence imposed for the criminal charges in the case that led to the revocation of Burgos's extended supervision in this case. In fact, Burgos contended that the circuit court in that case "specified that Burgos was to be released on extended supervision 30 days after the [circuit court] was notified of successful completion of the program, and the time left on initial confinement shall be transferred to extended supervision time."  Burgos also cited to the change in DOC policy since the passage of WIS. STAT. § 302.113(9)(b) to allow inmates to enroll in programs such as SAP more than once.  Thus, Burgos argued that he was entitled to release to extended supervision.

¶8       On July 2, 2024, the circuit court denied Burgos's motion.  In its written order, the circuit court found that WIS. STAT. § 302.113(9)(b) required it to deny Burgos's request because § 302.113(9)(b) required that Burgos serve the entire period of reconfinement ordered by DHA.  The circuit court acknowledged

---

[2] In fact, Burgos asserts in his briefing that he was not aware of DOC's letters to the circuit court until his wife saw them on Wisconsin's Consolidated Court Automation Programs (CCAP), which is a website that contains information entered by court staff of which this court may take judicial notice. *See **Kirk v. Credit Acceptance Corp.***, 2013 WI App 32, ¶5 n.1, 346 Wis. 2d 635, 829 N.W.2d 522.  Burgos asserts that he obtained counsel around that time.

DOC's policy change expanding SAP eligibility and allowing inmates, such as Burgos, to re-enroll in SAP, but the circuit court found that it was bound to follow the laws of the state as opposed to DOC's recent policy change. On July 26, 2024, Burgos filed a notice of appeal of the circuit court's order denying his motion.

¶9 We subsequently ordered the parties on October 4, 2024, to brief the issue of jurisdiction over Burgos's appeal of the circuit court's July 2, 2024 order denying Burgos's motion, given the two prior orders of the circuit court in response to the DOC's letters notifying the circuit court of Burgos's successful completion of SAP and requesting Burgos's release to extended supervision. We stated, "The procedural history is unique because the January 2024 litigation was initiated by the DOC, rather than Burgos. In addition, it is not clear when and how Burgos was notified about that litigation and whether that should affect this court's analysis."

## DISCUSSION

¶10 Burgos's appeal raises two main issues for our consideration. First, Burgos argues that this court has jurisdiction over his appeal because the circuit court's July 2, 2024 order denying his motion for his release is appealable despite two prior circuit court orders in response to DOC's letters requesting Burgos's release. Second, should we conclude that we have jurisdiction over Burgos's appeal, Burgos argues that the circuit court erred when it denied his motion requesting his release to extended supervision following his successful completion of SAP.

¶11 We conclude that we have jurisdiction over Burgos's appeal of the circuit court's July 2, 2024 order, and we further conclude that the circuit court

erroneously denied Burgos's motion requesting release to extended supervision following his successful completion of SAP.

### I. Jurisdiction Over Burgos's Appeal

¶12    We first address whether this court has jurisdiction over Burgos's appeal of the circuit court's July 2, 2024 order, despite two prior circuit court orders in response to two letters from the DOC requesting Burgos's release to extended supervision.  Whether we have jurisdiction over Burgos's appeal is a question of law that we review de novo.  *State v. Edwards*, 2003 WI 68, ¶7, 262 Wis. 2d 448, 665 N.W.2d 136.

¶13    As noted, the issue of jurisdiction arises because, prior to Burgos's motion and corresponding circuit court order, the DOC filed two letters with the circuit court notifying the circuit court of Burgos's successful completion of SAP and requesting Burgos's release and the circuit court entered two orders denying Burgos's release.  As a result of the prior DOC letters and circuit court orders, Burgos's motion and corresponding circuit court order on the topic of his release raise the same issue as the letters from the DOC and Burgos's motion asks the circuit court to reconsider its prior decisions issued in response to the DOC's letters.  Thus, the State argues that the circuit court's July 2, 2024 order is not appealable because it fails to raise a new issue.

¶14    "An order denying a motion to reconsider an earlier order is not necessarily appealable."  *Harris v. Reivitz*, 142 Wis. 2d 82, 86, 417 N.W.2d 50 (Ct. App. 1987).  "No right of appeal exists from an order denying a motion to reconsider which presents the same issues as those determined in the order or judgment sought to be reconsidered."  *Silverton Enters., Inc. v. General Cas. Co. of Wis.*, 143 Wis. 2d 661, 665, 422 N.W.2d 154 (Ct. App. 1988).  "In other words,

6

an 'order is not appealable where … the only issues raised by the motion were *disposed of* by the original judgment or order.'" *Edwards*, 262 Wis. 2d 448, ¶8 (alteration in original) (quoting *Ver Hagen v. Gibbons*, 55 Wis. 2d 21, 25, 197 N.W.2d 752 (1972)). If an order is not appealable, "we lack appellate jurisdiction and must dismiss the appeal for that reason." *Harris*, 142 Wis. 2d at 87. Whether Burgos's motion raised a new issue is a question of law that we review de novo. *Edwards*, 262 Wis. 2d 448, ¶7.

¶15    The State argues that we lack jurisdiction over Burgos's appeal because Burgos's motion for his release raised the same issue as the two letters from DOC requesting his release, namely that Burgos should be released to extended supervision because Burgos successfully completed SAP. Thus, the State argues that this is a simple application of the "new issues" test and the circuit court's July 2, 2024 order denying Burgos's motion asking the circuit court to reconsider his release due to successful completion of SAP is not appealable because it does not raise a new issue from that raised by the DOC in its letters.[3]

¶16    We disagree. While an order issued in response to a motion for reconsideration is generally not appealable unless it raises a new issue, Burgos did not have notice or an opportunity to weigh in on the first two circuit court orders denying his release to extended supervision. What constitutes a new issue cannot be interpreted so narrowly that it would preclude an actual party to the case from seeking review when the circuit court's prior orders denied the defendant's release

---

[3] We note that the State's argument is limited to the timeliness of Burgos's appeal as it relates to any deadline to appeal the circuit court's orders denying the DOC's requests. The State does not argue that Burgos's appeal is untimely should the circuit court's July 2, 2024 order be appealable.

after an *ex parte* communication from a non-party and without the benefit of any argument from the parties. *See* ***Harris***, 142 Wis. 2d at 88-89 ("The new issues test should be liberally applied" and the "new issues test is consistent with the policy favoring reconsideration."). We, therefore, cannot impute to the parties the rationale in DOC's letters or the subsequent result obtained without the benefit of argument by the parties and, in the absence of such process, cannot say that the circuit court disposed of—or intended to dispose of—any argument Burgos (or the State) could make regarding his eligibility for release. The relevant consideration must be the arguments that the parties raised and litigated.

¶17    As the circuit court noted in its second written decision, DOC's notifications for Burgos's release were not filed with the circuit court and were not provided to the parties at the time that they were made. Rather, DOC's requests should be treated simply as letters from a non-party notifying the circuit court of Burgos's status and eligibility for early release. In fact, as Burgos asserts, he was not aware of DOC's requests at the time they were made, and he was made aware of DOC's requests after the fact by reviewing information on CCAP.

¶18    Nevertheless, the State argues that whether an order denying a motion for reconsideration is appealable does not hinge on who filed the original motion that prompted the circuit court's order and that Burgos offers no authority that would support making a distinction between the DOC's non-party letters to the circuit court and Burgos's motion. However, in the cases provided by the State, the appealability of the order resulting from the motion for reconsideration involved only parties to the action. *See, e.g.*, ***Edwards***, 262 Wis. 2d 448, ¶¶3-4; ***Harris***, 142 Wis. 2d at 84-86. In other words, none of the cases present the situation here where a non-party to the case obtained an order from the circuit court without the input of the actual parties, followed by a motion from an actual

party to the case on the same issue. Thus, we are not persuaded that the prior cases applying the new issues test require a conclusion that we lack jurisdiction over Burgos's appeal of the circuit court's July 2, 2024 order.

¶19 Having concluded that the circuit court's July 2, 2024 order denying Burgos's motion is appealable and, therefore, we have jurisdiction over Burgos's appeal, we turn to the issue of whether the circuit court erroneously denied Burgos's motion for his release following the successful completion of SAP.[4]

## II.    Whether the circuit court erroneously denied Burgos's motion

¶20 On appeal, Burgos argues that the circuit court erroneously denied his motion requesting his release from prison to extended supervision following his successful completion of SAP, and the State also concedes that the circuit court erroneously denied Burgos's motion. Thus, acknowledging the State's concession on appeal, we conclude that the circuit court erroneously denied Burgos's motion for reconsideration, and we explain why we agree with Burgos and the State that the circuit court erroneously denied Burgos's release following his successful completion of SAP. *See* ***State v. Carter***, 2010 WI 77, ¶50, 327 Wis. 2d 1, 785 N.W.2d 516 (noting that we are not "obligated to accept a party's concession of law" and "[t]his court, not the parties, decides questions of law").

---

[4] We note that Burgos references a delay on the part of his counsel to file his motion requesting his release. To the extent that Burgos raises any claim for ineffective assistance of counsel, we consider his claim undeveloped, and we do not address it. ***State v. Pettit***, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992). However, we also note that Burgos's right to effective assistance of counsel does not extend to a proceeding of this nature. ***Pennsylvania v. Finley***, 481 U.S. 551, 556-57 (1987); ***Evitts v. Lucey***, 469 U.S. 387, 396 n.7 (1985).

9

¶21 Whether the circuit court erroneously denied Burgos's request for release presents a question of statutory interpretation. "The interpretation of a statute is a question of law that we review de novo." *E-Z Roll Off, LLC v. County of Oneida*, 2011 WI 71, ¶16, 335 Wis. 2d 720, 800 N.W.2d 421. "[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.'" *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (citation omitted). We give statutory language "its common, ordinary, and accepted meaning." *Id.*

¶22 To be eligible to participate in SAP, an inmate must meet two criteria: (1) the inmate is incarcerated for a crime other than the ones listed in the statute, and (2) the inmate is serving a bifurcated sentence imposed under WIS. STAT. § 973.01 and the sentencing court decided that the inmate was eligible to participate in SAP. WIS. STAT. § 302.05(3)(a). When an inmate enrolls in and successfully completes SAP, DOC is required to notify the circuit court of the inmate's successful completion. Sec. 302.05(3)(c)1. Then, within 30 days of DOC's notice, the circuit court "shall reduce the term of confinement in prison portion of the inmate's bifurcated sentence in a manner that provides for the release of the inmate to extended supervision" and "lengthen the term of extended supervision imposed so that the total length of the bifurcated sentence originally imposed does not change." Sec. 302.05(3)(c)2.a.-b. This is mandatory with one exception established in *State v. Gramza*, 2020 WI App 81, 395 Wis. 2d 215, 952 N.W.2d 836, for mandatory minimums imposed for terms of initial confinement.

¶23 Despite this statutory language mandating conversion of an inmate's sentence following successful completion of SAP, the circuit court found that it could not convert Burgos's sentence based on WIS. STAT. § 302.113(9)(b), which

10

states, "A person who is returned to prison after revocation of extended supervision shall be incarcerated for the entire period of time specified by the order under [§ 302.113(9)(am)]." While this statute appears to require Burgos to serve his entire period of reconfinement ordered by DHA, we must interpret this statute in context and harmony with WIS. STAT. § 302.05(3)(c), and in so doing, we conclude that § 302.05(3)(c), as the more specific statute, controls the outcome in this case and mandates Burgos's release to extended supervision following his successful completion of SAP. *See Gramza*, 395 Wis. 2d 215, ¶18 ("When two statutes conflict, a court is to harmonize them … [by] scrutinizing both statutes and construing each in a manner that serves its purpose." (alterations in original; citation omitted)).

¶24 WISCONSIN STAT. § 302.113 applies to release to extended supervision generally for all felony offenders not serving life sentences, while WIS. STAT. § 302.05 applies to a smaller subset of inmates eligible for SAP. "Generally speaking, the rule of statutory construction that a more specific statute controls over a more general statute applies where two or more statutes on the same subject conflict." *Adams Outdoor Advert., L.P. v. County of Dane*, 2012 WI App 28, ¶22, 340 Wis. 2d 175, 811 N.W.2d 421. In this case, both statutes apply to Burgos's case because he is both a felony offender returned to prison after his extended supervision was revoked and he is an inmate that DOC determined successfully completed SAP. However, § 302.05 being the more specific statute controls.

¶25 Furthermore, the legislature provided two requirements for SAP eligibility. The first requirement excludes certain inmates based on the criminal offense, and the second requirement states that an inmate must be serving a bifurcated sentence for which the circuit court made the inmate eligible for SAP at

11

the time of sentencing. WIS. STAT. § 302.05(3)(a). Importantly, the legislature did not exclude inmates that were reincarcerated following a revocation of their extended supervision from participation in SAP. Thus, we follow the legislature's policy choice that does not exclude inmates such as Burgos from participating in SAP upon reincarceration. *See Flynn v. DOA*, 216 Wis. 2d 521, 529, 576 N.W.2d 245 (1998) ("Our form of government provides for one legislature, not two. It is for the legislature to make policy choices[.]").

¶26 Turning to the application in this case, we conclude that the circuit court erroneously denied Burgos's release. Burgos met the statutory requirements for SAP, and he was, therefore, re-enrolled in SAP when he was reincarcerated. Then, when he successfully completed SAP, DOC and Burgos notified the circuit court of his successful completion of SAP and requested his release from prison to extended supervision. Upon receipt of that notification, the statutory language is clear that the circuit court shall convert the remainder of the sentence to extended supervision. WIS. STAT. § 302.05(3)(c)2.a.-b. Thus, upon receipt of those notifications, the circuit court should have converted Burgos's sentence and Burgos should have been released to extended supervision, and we conclude that the circuit court erred when it failed to abide by the clear statutory mandate to convert Burgos's sentence and order his release.

## CONCLUSION

¶27 Accordingly, we reverse the circuit court's order, and we remand with directions to enter an order consistent with this opinion.

> *By the Court.*—Order reversed and cause remanded with directions.

> Not recommended for publication in the official reports.

12